**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Marvin Eugene HODGES, Defendant-Appellant.**

No. 76-3945
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 25, 1977.

Rehearing Denied Aug. 17, 1977.

As Corrected Sept. 13, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

AINSWORTH, Circuit Judge:

Marvin Eugene Hodges was convicted by a jury of entering a bank with intent to rob, and of conspiracy to commit the robbery, violations of 18 U.S.C. §§ 371, 2113(a). He appeals his conviction alleging a defect in the indictment, evidentiary errors at trial, and a defect in sentencing procedure. We find his assignments of error to be without merit and affirm the conviction.

The record shows that beginning in September 1975, Hodges attempted to persuade Leslie Croteau to assist him in robbing the bank at which she worked as a teller. By November Hodges had enlisted another associate, Gary Cartwright. On November 12, Hodges explained the robbery plan to Croteau. On November 17, pursuant to the plan, Hodges entered the bank. He left without taking money. He indicated to Cartwright, who was waiting in a car outside the bank, that it appeared that the plan had been discovered. In fact, Croteau had notified authorities and the bank was being watched. On November 24, Hodges was arrested and charged. Upon his conviction the district judge sentenced Hodges to ten years in prison.

On appeal Hodges asserts that the indictment under which he was convicted was fatally defective because all overt acts pursuant to the conspiracy are alleged to have transpired before the date on which the conspiracy is alleged in the indictment to have been formed. The indictment returned against Hodges alleges a conspiracy commencing "on or about the 14th day of November, 1975" and continuing "thereafter up to and including the 17th day of November, 1975 . . . ." Four overt acts pursuant to the conspiracy are alleged, the latest occurring on November 13. Hodges asserts that since the indictment fails to allege an overt act subsequent to the alleged formation of the conspiracy it cannot support a conviction under the terms of 18 U.S.C. § 371.[1]

Raymond W. Russell, (Court-appointed), Fort Lauderdale, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

1. 18 U.S.C. § 371 provides in relevant part: If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do

■ We decline to read section 371 as suggested by Hodges. In an indictment under section 371, if "there is any vagueness in the averment as to the time of [the conspiracy's] formation, the time may be fixed and made certain by a reference to the allegations of overt acts." *Schnautz v. United States*, 5 Cir., 1959, 263 F.2d 525, 529. He alleges no prejudice resulting from the indictment's mistake concerning the date of the formation of the conspiracy. The indictment in this case contained the elements of the charged offense under section 371, apprised the defendant of "what [he] must meet," and specified the charges sufficiently to avoid the possibility of double jeopardy, and therefore was sufficient to charge an offense under section 371. *See United States v. Beasley*, 5 Cir., 1977, 550 F.2d 261, 270.

■ Hodges next argues that the district judge erred in refusing to order the Government to deliver to the defense certain FBI "302" reports, pursuant to the Jencks Act, 18 U.S.C. § 3500.[2] The district judge determined that the reports, which were made by FBI agents from memory some days after interviews with witnesses, were not "substantially verbatim" within the meaning of the Act. The record shows that none of the reports was adopted or otherwise authenticated by the interviewed witnesses. Investigators' notes of interviews do not fall under the Act even if they contain "occasional verbatim recitations of phrases used by the person interviewed,"

*United States v. Cruz*, 5 Cir., 1973, 478 F.2d 408, 413. Whether transcripts of those notes contain such extensive verbatim recitations as to bring the transcripts under the Act is a matter of fact within the discretion of the trial judge, *id.* We conclude that the district judge's finding that the "302" reports were not substantially verbatim under the Act was not clearly erroneous. *See Campbell v. United States*, 373 U.S. 487, 493, 83 S.Ct. 1356, 1360, 10 L.Ed.2d 501 (1963).

Hodges next contends that the trial judge erred in excluding certain questioning at trial. Croteau, who appeared as a government witness, gave damaging testimony concerning a meeting among the conspirators. On cross-examination Croteau admitted smoking two marijuana cigarettes before the meeting. She denied that her perception was affected thereby. The defense did not further challenge her testimony, but later sought to cross-examine Cartwright concerning the "appearance" of Croteau during the meeting. Upon government objection counsel explained that he was attempting to attack Croteau's "credibility" by showing that she was drug-intoxicated during the meeting. The district judge refused to allow the line of questioning, and Hodges asserts that the refusal was error.

■ Inquiry on cross-examination beyond the scope of direct or the witnesses' own credibility is subject to the discretion of the district judge. F.R.E. 611(b).[3]

---

any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

**2.** The Jencks Act, 18 U.S.C. § 3500 (1970), provides in relevant part:

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

.     .     .     .     .

(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation

to any witness called by the United States, means—

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; . . . .

**3.** Rule 611(b) of the Federal Rules of Evidence provides:

(b) Scope of cross-examination. Cross-examination should be limited to the subject

Hodges does not claim that Cartwright possesses any expertise which would allow him to draw conclusions concerning Croteau's mental state from her appearance. Similarly, any inferences concerning Croteau's mental state drawn by the jury from a description of her appearance would be unwarranted. The jury already knew that Croteau had smoked the marijuana and could take that into account in evaluating her testimony. Under these circumstances the district judge properly exercised his discretion in refusing to allow Cartwright's testimony as to Croteau's physical appearance.

Finally, Hodges alleged that in assessing his sentence the district judge took into account unreliable information pertaining to past criminal activity. Hodges asserts that he was not notified that this information would be considered in sentencing, so that he had no opportunity to rebut it.

We have held that a convicted defendant "retains the right not to be sentenced on the basis of invalid premises." *United States v. Espinoza*, 5 Cir., 1973, 481 F.2d 553, 555. Fundamental fairness therefore requires that the defendant "be given at least some opportunity to rebut" information explicitly relied upon by the sentencing judge. *Id.*, at 556; *see United States v. Gamboa*, 5 Cir., 1976, 543 F.2d 545, 547; *United States v. McDuffie*, 5 Cir., 1976, 542 F.2d 236, 242.

In the present case the trial judge excluded from the jury witnesses' statements that Hodges had told them that he had successfully robbed other banks. At the sentencing hearing, however, the judge took these statements into account, saying,

I do remember the evidence in the case although I did exclude it from the jury's consideration, it certainly cannot be excluded from the Court's consideration, that this wasn't the first time around. You have done at least one and probably several other of these bank robberies, although this one was an attempt.

Hodges contends that he and his attorney learned that the statements would be "an important consideration" in sentencing only after the opportunity for allocution had passed. However, the witnesses' statements which the judge considered are referred to in the presentence report, at page eight, according to the supplemented record. At the time of sentencing, counsel asserted that he and Hodges had reviewed the report together, and said that they had no objection to any material contained in the first eight pages. When the district judge made clear that he would consider the witnesses' statements in sentencing, neither Hodges nor his counsel objected. Prior to sentencing the district judge asked Hodges whether he would like to say anything in his own behalf, and Hodges declined. In short, Hodges was given ample opportunity to rebut the witnesses' statements, but did not do so. The sentencing procedure thus did not lack fundamental fairness in this regard.

Hodges' ten-year sentence is far below the maximum which the judge might have imposed for this conviction. In assessing that sentence the judge took into account many factors in addition to the statements to which Hodges now objects; the sentencing transcript makes clear that those statements were not the factor on which the judge relied most heavily. Accordingly, we find neither in the length nor in the method of sentencing that "gross abuse" which would allow us to question the discretion of the sentencing judge. *See United States v. Gamboa, supra*, 543 F.2d at 546.

Having considered Hodges' points on appeal and found each to be without merit, we affirm the judgment below.

AFFIRMED.

matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.