UNITED STATES of America,
Plaintiff-Appellee,

v.

David AGUERO–SEGOVIA and Armando
Acosta-Martinez,
Defendants-Appellants.

No. 79–5553
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 21, 1980.

Eduardo E. de Ases, Corpus Christi, Tex., for Acosta-Martinez.

Robert J. Salinas, Mercedes, Tex., for Aguero-Segovia.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

The appellants, David Aguero-Segovia and Armando Acosta-Martinez, were

---

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

charged in an indictment of four counts with violations of 8 U.S.C. § 1324(a)(1) and 18 U.S.C. § 2. Each count charged both defendants with the transportation of an illegal alien between the vicinity of Hidalgo, Texas, and the vicinity of Riviera, Texas. Each pled guilty to Count One of the indictment and Counts Two, Three and Four were dismissed. A sentence of two years' imprisonment was imposed on each defendant. The conviction was not appealed directly; but a "Petition for Reduction of Sentence under Rule 35, Federal Rules of Criminal Procedure" was filed with the district court and denied. The trial court denied relief without a hearing. This appeal followed.

The Motions for Reduction of Sentence were based on the trial court's consideration of (1) allegations that appellants used force and brutality against the alien being transported; and (2) allegations of a similar case against them in another jurisdiction. There is no question but that the sentencing court considered such matters. During the sentencing procedure the court stated:

"Well, this is not the first time, according to the probation report . . . ."

"This is a case where these men been using some kind of rough tactics on these aliens?"

When counsel for the defendants asked the court about the reference to the court's statement "this was not the first time," the court replied:

"Well, my recollection is that there was something in there that these men may have been involved before. But I will tell you why I am assessing this punishment in this case. There were some reports these men had been a little rough on these people they have been bringing over here, and they have been using some strong arm methods, and that was very persuasive with me in deciding this was not an appropriate case for probation."

■ A defendant has the right not to be sentenced on the basis of invalid information and he must be given the opportunity to rebut information explicitly relied upon by the sentencing judge. *U. S. v. Hodges,*

556 F.2d 366, 369 (5th Cir. 1977), *cert. denied,* 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978).

■ The record in this case that relates to the sentencing procedure for both appellants reflects that the court explicitly relied upon certain information in the pre-sentence report that "physical tactics" were being used. Rule 32(c)(3)(A), Fed.R.Crim.P. provides that the court, before sentencing, may disclose to defendant or his counsel all or part of the material in the pre-sentence report and afford him an opportunity to comment on it. Subsection (c)(3)(B) provides that if there is information which should not be disclosed, the court "shall state orally or in writing a summary of the factual information therein to be relied on in determining sentence, and shall give the defendant or his counsel an opportunity to comment thereon."

In this case the record reflects that the sentencing judge failed to comply with those subdivisions of the criminal Rules. Even if the court's statements were considered to be a satisfactory summary, the appellants and appellants' counsel were not given the opportunity to comment or rebut. Therefore, since the sentencing judge did not provide the information required by the Rule and did not afford appellants or appellants' counsel the opportunity to rebut the allegedly incorrect information, it is necessary that the sentences be vacated and the case be remanded for further proceedings.

Sentence is VACATED and case REMANDED for re-sentencing.