Gerald **WEBER**, Appellant (Defendant),

v.

The **STATE of Wyoming,**
Appellee (Plaintiff).

No. 86–139.

Supreme Court of Wyoming.

Oct. 7, 1986.

Leonard D. Munker, State Public Defender, Julie D. Naylor, Appellate Counsel, Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Gerald P. Luckhaupt, Asst. Atty. Gen., Gregory A. Phillips, Legal Intern, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Defendant missed his scheduled sentencing date for a felony offense by inopportune disappearance from the jurisdiction. Two and one-half years later he was arrested and returned, and he now complains about a sentence of confinement which excludes probation. Neither our sympathy nor legal error is invoked, and the sentence is consequently affirmed.

The issue presented is sentence invalidity from claimed failure of the trial court to consider probation.

We find no support in the record that the experienced trial jurist did not consider probation.

Defendant was charged and pleaded guilty to felony property destruction in 1983, and while on bond disappeared before the scheduled sentencing date. A bench warrant was issued for his arrest, and he was involuntarily returned for sentencing in April, 1986, whereupon the sentence given was not less than 18 months nor more than three years in the state penitentiary. A co-defendant received a sentence of two to five years for the same incident.

At the sentencing hearing, counsel for defendant stated:

"Your Honor, obviously the defendant doesn't have any good excuse for leaving the county. The Probation and Parole report indicates that the defendant has had no prior offenses, which indicate that he has lived a moral life up until the time he committed this offense, or at least has stayed out of trouble with the law.

"The defendant has testified that he hasn't had any other problems except a speeding ticket and stopsign violation since he left the county.

"He is, according to the Probation and Parole report, a good candidate for probation. Request the Court consider probation for this defendant, recognizing, of course, that the defendant has left the county without the permission of the Court, and I would hope the Court would consider the Probation and Parole report as I said, and remand this gentleman for probation to be taken care of through the Probation and Parole of the State of Wyoming."

The trial court stated responsively:

"Mr. Weber, you had a perfect opportunity to come into this Court with the record you had before and be given full consideration insofar as probation was concerned if restitution was made. You left and made no attempt to contact this Court. We had to issue a bench warrant for your arrest.

"You left, according to the story you told me on the witness stand, to get a better job to make payments to all these people that you damaged. There is no payment whatsoever, nor did you at any one time contact your attorney or the County Attorney or do anything voluntarily. As far as I am concerned you tried to duck out on your responsibilities here."

We cannot find a factual basis from the foregoing for the contention that probation was not considered. Obviously and appropriately it was considered and rejected.[1]

---

1. Defendant was originally charged in an Information with three separate felonies; he was

afforded a single charge upon which the plea was accepted, and then having the benefit of a

"The granting of probation is addressed to the discretion of the trial court and is an act of grace, of clemency." *Minchew v. State*, Wyo., 685 P.2d 30, 33 (1984). See *Sanchez v. State*, Wyo., 592 P.2d 1130, 1137 (1979).

 Within the discretional province of the sentencing judge is evaluation of attitudinal factors of the criminal defendant. *Ventling v. State*, Wyo., 676 P.2d 573 (1984); *Wright v. State*, Wyo., 670 P.2d 1090 (1983). Bail jumping, pre-sentence, is a clearly deficient attitudinal factor. A sense of obligation or lack thereof to appear for sentencing is not unpersuasive of a sense of obligation or lack thereof in assuming probationary responsibilities.

Affirmed.

favorable probationary report jumped bail prior to sentencing. Considering these behavioral factors, the resulting reaction and decision of the trial court is understandable.