Michael CHRISTY, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–192.

Supreme Court of Wyoming.

Jan. 30, 1987.

Leonard Munker, State Public Defender, Julie D. Naylor, Appellate Counsel, Public Defender Program, Norman A. Newlon, Legal Intern, Public Defender Program, for appellant.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Judith A. Patton, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Defendant Michael Christy, charged with two counts of second-degree sexual assault involving an 11–year-old girl, entered into a written plea agreement and pleaded guilty to one charge in exchange for dismissal of the second count. Sentenced to 10 to 15 years with credit for time served, he appeals, contending that the sentence was an abuse of discretion because it exceeds an ascertainable norm for this character of offense and was based upon inappropriate presentence report information.

The charged events involved the 11–year-old daughter of a lady with whom Christy had carried on a sexual relationship. Christy, age 34, height six feet, four inches, admitted an incident of "fondling," but denied the second occurrence wherein the general facts confirmed by the mother were even more egregious. Recitation of the unpleasant and socially unacceptable circumstances will serve no purpose in this opinion, but the incident can be generally characterized as a 34–year-old man engaging in sexual assault on an 11–year-old girl,

involving the relational status of boyfriend attacking young daughter of girlfriend, as found in the investigation pursued by the Division of Public Assistance and Social Services after a public school report.

After arrest, Christy waived preliminary hearing and then entered into a written plea bargain whereby the charge for the second occurrence was dismissed upon a guilty plea to the first charge. Pursuant to Wyoming law, he was then sent to the Wyoming State Hospital for psychological evaluation. The appeal file contains that evaluation, as well as a comprehensive presentence investigation report.

Appellant finds support in *Oakley v. State,* Wyo., 715 P.2d 1374 (1986), and *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), for a requirement that his sentence should be compared with sentences given for other similar cases.[1]

Consideration given by this court to challenged sentences invokes either (a) contended abuse of discretion under Wyoming law, *Ventling v. State,* Wyo., 676 P.2d 573 (1984); *Martin v. State,* Wyo., 720 P.2d 894 (1986); or (b) intrinsic unconstitutionality under *Solem v. Helm,* supra. Cf. *Oakley v. State,* supra. Appellant misapprehends the case rationale in *Oakley* when he contends that an issue is presented here requiring an extended analysis of proportionality under Solem.

" * * * [I]n Solem, where the Court did apply an extensive proportionality analysis, it was said:

" ' * * * In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.' 463 U.S. at 290 n. 16, 103 S.Ct. at 3009 n. 16. "Oakley's sentence is not one of those rare cases where an extended analysis of

proportionality is necessary." 715 P.2d at 1378.

Consecutive sexual-assault charges bypassed by a plea bargain will seldom shelter proportionality arguments of a constitutional character. We recognize, as demonstrated by the record, that the incentive for Christy to plea bargain was to reduce the potential maximum sentence from the two-incident life imprisonment to the maximum 20 years provided for one conviction under the second-degree sexual-assault statute. We do not create a rule that plea bargains justify any resulting maximum sentence, but also do not deny the right to the sentencing judge to consider fairly the entire course of events as related to the character of the defendant. *Weber v. State,* Wyo., 726 P.2d 94 (1986); *Ventling v. State, supra.* We find no constitutional issue on sentencing raised by the facts of this case involving either the character of the defendant or the characteristics of the offense.

The normal and more significant consideration as to a sentence, applied in an appeal context, is abuse of discretion. *Martin v. State, supra.*

It is settled law in Wyoming that it is the province of the legislature to determine whether conduct constitutes a crime, and to establish the penalty for violation. *Hicklin v. State,* Wyo., 535 P.2d 743, 79 A.L.R.3d 1050 (1975). Wyoming remains one of the few states that has retained a nondeterminate sentencing structure, without limitation provided by rule or statute by sentencing guidelines or other constraints on the sentencing discretion, within statutory maximums and minimums for confinement. Cf. *Duffy v. State,* Wyo., 730 P.2d 754 (1986). Essentially, appellant argues that the sentencing court considered too much its discretional review, including specifically his five prior marriages and nonsupport:

---

1. Even in application, the problem that we foresee as to any criminal case, but particularly this type of criminal offense involving assaults on children, is the necessary comparison, not only of the direct circumstances of the charge, but also the overall character of the defendant, and

other factors involved in the sentencing discretion. Comparison of sentences without the totality of all information upon which the other sentences were entered could not serve any purpose in determining that a median is exceeded or that unacceptable comparison exists.

"A careful study of the Record leads one to ask if Michael Christy received a ten to fifteen year sentence because of a crime to which he pleaded guilty or if he was sentenced vicariously for other deeds he might have done—deeds that, in the eyes of blind justice, never occurred, but rather deeds that materialized as a specter in the mind of the judge."

In order to answer this argument, we are required to analyze the function of the sentencing hearing, including existing evidentiary burdens. Appellant contends that either the sentencing court should not have considered behavior such as multiple marriages and nonsupport as a matter of law, or that such adverse character attributes were not adequately proved for proper consideration, as a matter of fact. We are guided, and the sentencing process is controlled by, Rule 33, W.R.Cr.P. (similar to Rule 32, F.R.Cr.P., except that the 1983 amendments have not been adopted in Wyoming). *MJP v. State*, Wyo., 706 P.2d 1108 (1985). See *United States v. Hill*, 766 F.2d 856 (4th Cir.), cert. denied, —— U.S. ——, 106 S.Ct. 257, 88 L.Ed.2d 263 (1985); *United States v. Aguero-Segovia*, 622 F.2d 131 (5th Cir.1980).

■ That nonsupport and many prior marriages are not favorable biographical facts, is easily concluded. That this history is material to the character of a "sexually active" man, is also reasonably valid in sentencing review. A basis in law for the exclusion of evidence of this behavioral pattern from sentencing discretion is not found. *Ventling v. State*, supra.

The contention of appellant, then, is evidentiary. Current literature concludes that in the *vast majority* of criminal cases the effective participative responsibility of counsel for the defendant occurs first in the plea-bargaining discussion, usually prearraignment, and then finally in the sentencing hearing. Carroll, *The Defense Lawyer's Role in the Sentencing Process: You've Got to Accentuate the Positive and Eliminate the Negative*, 37 Mercer L.Rev. 981 (1986).

The sentencing process cannot be overemphasized in light of the criminal defense counsel's advocacy responsibilities, in which the pre-sentencing information to be used by the court is foundational.

"We note at the outset that the first step toward assuring proper protection for the rights to which defendants are entitled at sentencing is recognition by defense counsel that this may well be the most important part of the entire proceeding. As the American Bar Association observed: 'It is unfortunately too often the case that the defense attorney considers his job completed once he has assisted the defendant through the guilt phase of the proceedings....' In order to properly fulfill his responsibilities, counsel's energies and resources should be directed as fully to the dispositional phase of the proceedings as to pretrial preparation and courtroom advocacy.

"The record here also suggests that counsel should:

"(1) Familiarize himself with all reports serving as a foundation for sentence sufficiently in advance of the sentencing hearing, assuming access to such reports at this time. An attempt to verify the information contained therein would then enable counsel to supplement the reports when incomplete, and challenge them when inaccurate. This duty is recognized by the American Bar Association in its Standards for the Defense Function:

"'Defense counsel should present to the court any ground which will assist in reaching a proper disposition favorable to the accused. If a presentence report or summary is made available to the defense lawyer, he should seek to verify the information contained in it and should be prepared to supplement or challenge it if necessary.'

"It is axiomatic that this duty extends to familiarization with *all* reports upon which disposition may be based." *United States v. Pinkney*, 179 A.D.C. 282, 551 F.2d 1241, 1249–1250 (D.C.Cir.1976).

The subject was also closely reviewed in an exceptional article, Kline, *The Emperor*

*Gideon Has No Clothes: The Empty Promise of the Constitutional Right of Effective Assistance of Counsel*, 31 Hastings Const. L.Q. 625, 673 (1986):

"Sentencing is also a stage of the proceeding where the indigent defendant is likely to be disadvantaged by his defender's lack of time. The Supreme Court in *Mempa v. Rhay* [389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)] held that sentencing was a critical stage of a criminal prosecution at which the defendant was guaranteed counsel to assist 'in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence.' Sentencing has been referred to by one circuit court of appeals as the stage which 'may well be the most important part of the entire proceeding.'"

"For the overwhelming majority of defendants in federal courts, the nature of the punishment is the only issue in the case. In view of the enormity of the consequences to the defendant, it is sometimes shocking to see the perfunctory manner in which defense counsel discharge their sentencing function. The investigation and presentation of mitigating factors, both in terms of the facts of the offense and of defendant's personal history, call for no less thoroughness and resourcefulness than the preparation of a trial." 8A Moore's Federal Practice ¶ 32.04[4] at 32–79.

See Wright, Federal Practice and Procedure: Criminal 2d § 526 at 87.

The presentence report plays a crucial role in the sentencing stage of a trial. See *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

■ A criminal defendant has both the constitutionally protected and rule-provided individual right of allocution (Rule 33(a)(1), W.R.Cr.P.), and the further opportunity to deny or contest presentence investigation data or to submit information in mitigation before the sentence is rendered. Not only is this a right for counsel to contest questioned information in the sentencing process, but it is also a responsibility. In the absence of denial or objection by defendant, the court can rely on presentence reports, medical evaluation resulting from sex-crime commitment, or other information, including trial testimony, as available in the file and otherwise uncontroverted, involving the events of the crime or relating to the character of the defendant. *Hicklin v. State*, supra.

The pervasive issue about disclosure of presentence reports permeating the federal judiciary at least until the 1983 amendments to Rule 32, F.R.Cr.P., do not exist under the clear directive of Wyoming's Rule 33(c)(2), W.R.Cr.P.:

"Report.—The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation, or in the correctional treatment of the defendant, and such other information as may be required by the court. The court, before imposing sentence, shall disclose to the defendant or his counsel all of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. The material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the state."

For a discussion of one of the many comments, see *The Use and Disclosure of Presentence Reports in the United States*, 47 F.R.D. 225 (1969), 40 A.L.R.3d 681; Campbell, Law of Sentencing § 91 at 289; Giono, *Federal Criminal Sentencing: The Case for Evidentiary Standards*, 13 Loy.U.Chi. L.J. 875 (1981).

■ We specifically determine that filed reports and information are evidence for

the exercise of sentencing discretion, subject only to rights of the convicted individual to deny, dispute or disprove. *Cavanagh v. State*, Wyo., 505 P.2d 311 (1973); *United States v. Plisek*, 657 F.2d 920 (7th Cir. 1981); *Knight v. United States*, 611 F.2d 918 (1st Cir.1979); *United States v. Leonard*, 589 F.2d 470 (9th Cir.1979). See also *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Commonwealth v. Peters*, Pa.Super., 516 A.2d 1197 (1986); Campbell, Law of Sentencing, supra.

■ In this case, the court had evidence of the marriages and resulting children, and the following occurred:

"THE COURT: Mr. Christy, have you received copies of the presentence report and report from the state hospital?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Have you had a chance to look them over?

"THE DEFENDANT: Yes, I have, Your Honor.

"THE COURT: Are there any additions or corrections you'd like to make?

"THE DEFENDANT: Not really, Your Honor, I don't."

This exchange does not present an issue of fact, nor was mitigation or explanation later presented in the hearing so that the final comment of the trial court in reviewing sentencing factors would be unsupported.[2] *United States v. Hodges*, 556 F.2d 366 (5th Cir.1977), cert. denied 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978).

Intrinsic to the exercise of discretion, *Martin v. State*, supra, is the trial court's intelligent evaluation of all available information. Information about the marriages was admitted by colloquy, as was the support nonpayment discussed in the written probation report and substantiated by the medical report from the State Hospital:

" * * * Test data and responses to questions during the interview also indicate that his lifestyle is such that he has done what he has wanted with little regard either for the feelings of others or the impact of his behavior on others. * * * In this individual's case it is very relevant that the child that he sexually abused was the daughter of a woman with whom he was having an affair while still married to his sixth wife."

In oral review at the sentencing hearing, the trial court said:

"Mr. Christy, in attempting to decide on a sentence in your case, I have considered the report from the state hospital, I have considered the presentence report, I have considered the testimony of yourself, and the other testimony received today. I have considered the statements of your attorney, his recommendations, the recommendations of the state's attorney. And I've considered the ABA standards on sentencing, specifically those dealing with aggravation, mitigation, and purposes of sentence."

The court summarized in conclusion:

"I've also considered, Mr. Christy, from the presentence report, the fact that you've been married six times and have four children by prior marriages, that you failed to support;

"The fact that you are an alcohol abuser, a drug abuser;

"The fact that you have a sporadic work history;

"The fact that you have a prior felony conviction, the fact that you have a couple of other prior felony charges that were apparently dismissed, numerous misdemeanor convictions;

"Of course, the fact that this was an extremely aggravated and heinous crime, sexually assaulting an eleven year old child.

---

**2.** For this court to find little redeeming virtue in the history and character of appellant may be a harsh characterization, but the trial court was accorded little to conclude otherwise. Excluding the appropriate "It doesn't hurt to ask," we are surprised, in view of all the circumstances: possible life sentence; a second event, easily proved when particularly inflammatory; a prior criminal record; and other societal conduct failures, that defendant was not somewhat relieved at the actual sentence. It could have been a considerably more severe one under the legislatively prescribed maximum of 20 years. *Duffy v. State*, supra.

"And I've also considered, Mr. Christy, the fact that you failed to accept, even at this late date, the full responsibility for your actions. You still want to deny the complete extent of these assaults, and you still want to blame what you did on something else, whether it be Viet Nam or whether it be alcohol.

"Mr. Christy, I have considered probation in your case, but believe that it would be totally inappropriate under all the circumstances.

"It is the judgment and sentence of this court that you be sentenced to a term of not less than ten nor more than fifteen years in the Wyoming State Penitentiary."

Affirmed.

THOMAS, J., filed a concurring opinion.

THOMAS, Justice, concurring.

I concur in the result in this case. I still maintain my position that this court should not review on appeal a sentence entered by a district judge so long as the sentence is a lawful one, i.e., within the statutory limits established by the legislature. *Wright v. State*, Wyo., 670 P.2d 1090 (1983), reh. denied 707 P.2d 153 (1985), Thomas, J., specially concurring.