Leonard D. CLOUSE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 88–298.

Supreme Court of Wyoming.

June 27, 1989.

Public Defender Program: Mike Cornia, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Gerald P. Luckhaupt, Asst. Atty. Gen., Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Leonard B. Clouse, charged with two counts of first degree sexual assault and two counts of armed robbery, entered into a plea bargain in which he pleaded guilty to one count of each of those crimes in exchange for dismissal of the remaining charges. Sentenced to a minimum of sixty years and a maximum of seventy-five years with credit for time served, he appeals and

seeks remand for resentencing. He contends the sentencing court abused its discretion, violated his right to due process, violated his right against self-incrimination and erroneously failed to indicate whether or not it had relied on disputed information contained in the presentence investigation report.

We affirm.

### ISSUES

Clouse states the issues as:

I. Whether the sentence imposed on the Appellant was an abuse of discretion which resulted in a failure of justice and a violation of Article 1, Section 15 of the Wyoming Constitution?

II. Whether the Appellant's right to due process was violated by the court's reliance on unfounded assumptions and assertions of prior criminal activity?

III. Whether the defendant's right against self incrimination was violated by the consideration of statements concerning prior criminal activity in determining sentence?

IV. Whether the trial court's failure to indicate whether it had relied on disputed information in the presentence report requires that the case be remanded for resentencing?

The state frames the issues as:

I. Were the sentences imposed on appellant by the district court an abuse of discretion or a failure of justice?

II. Did the district court err in considering the presentence investigation and were the court's findings without support in the record?

III. Was information compelled in violation of appellant's Fifth Amendment right against self-incrimination considered by the district court?

IV. Is reversal for procedural errors at sentencing proper, absent a showing of prejudice?

### FACTS

Four months after completing a six-year prison sentence for armed robbery, Clouse was arrested around 10:30 p.m. on October 9, 1987, on suspicion of armed robbery of a convenience store and two acts of first degree sexual assault on the store's clerk. The arrest took place at the scene of the crimes near Gillette, Wyoming.

According to the presentence investigation report, Clouse committed the convenience store crimes in this way. At about 10:15 p.m. he entered the store when the clerk was alone. He walked behind the counter, showed the clerk a loaded handgun, ordered the clerk to open the cash register, which she did, and reached in and took out all the bills. Next, he ordered the clerk to open a second cash register, but it could not be opened. A customer entered the store; instead of leaving the store, Clouse ordered the clerk to accompany him to a bathroom in the rear of the store. Inside that room, pointing the loaded gun at the clerk, he ordered her to remove her clothing and perform oral sex on him. As he kept the gun pointed at her, she began gagging and could not breathe. Clouse then ordered her to lay on the floor; he laid on top of her and raped her. After raping her, he pointed the gun at her and told her the police better not be outside. Fortunately, an on-duty Gillette policeman passing by in his patrol car had seen Clouse standing behind the store counter. Knowing that a male should not be working at this particular store and realizing that the person he saw matched the description of a person wanted for an October 2, 1987, robbery of a Gillette Common Cents Store, the policeman pulled his car into the store's parking area. Entering the store and positioning the customer out of harm's way, the policeman arrested Clouse as he was leaving the bathroom. Frightened, the victim had remained in the bathroom where she was found by officers.

Clouse did not deny or dispute this rendition of the crime. The presentence investigation also includes an account of the tragic effect Clouse's criminal episode has had on the store clerk.

Clouse entered initial pleas of not guilty, not guilty by reason of mental illness or deficiency and not triable by reason of mental illness or deficiency. After mental

evaluations, Clouse changed his plea pursuant to a plea bargain. In exchange for the state's dismissing the Common Cents Food Store armed robbery charge and one of the two sexual assault charges arising from the convenience store armed robbery, Clouse pleaded guilty to that armed robbery and the remaining charge of first degree sexual assault.

After taking Clouse's change of plea, the sentencing court ordered a presentence investigation report. The sentencing court told Clouse that he was to cooperate fully with the probation officer, so his report could be completed in a timely fashion. The sentencing court also told Clouse that he would receive a copy of that report and would have an opportunity to make any additions or corrections that he believed were necessary.

At the sentencing proceeding, Clouse told the sentencing court that he had received and had a chance to review a copy of the presentence investigation report. Responding to the sentencing court's question whether Clouse had any additions or corrections to make to that eleven-page report, Clouse's attorney told the sentencing court of four additions or corrections:

1. He reminded the court that, as page six of the report showed, Clouse had spent 357 days in jail since his arrest.

2. He referred the court to the probation officer's statement at the bottom of page seven of the report that Clouse voluntarily and without coercion had admitted to the probation officer that he (Clouse) had committed two armed robberies in Cody and Powell, but that the police departments in those towns reported they had no contact with Clouse. Clouse's attorney asked the sentencing court to disregard "those pending charges and that statement," because when Clouse made that statement he was in custody; the probation officer was acting as an agent for the police; the probation officer had not informed Clouse of his Miranda rights; and the sentencing court had told Clouse at his change of plea proceeding to answer all of the probation officer's questions.

3. He referred the court to the probation officer's statement at the top of page ten of the report, in which that officer expressed his impression that Clouse believed he had somehow been treated unjustly. Clouse's attorney explained to the court that Clouse felt the court's denials of his earlier motions were unfair, since he felt the motions had merit.

4. He referred the court to the probation officer's statement on page eleven of the report, in which the officer expressed his strong impression that Clouse's only remorse was that he had been caught. Clouse's attorney took exception to the officer's impression, telling the court that Clouse felt remorse and his guilty plea was evidence of that remorse.

After hearing from Clouse's attorney on these foregoing matters, the sentencing court determined that neither the state nor Clouse had any evidence to present. The sentencing court then received the state's recommendation that Clouse be punished to the fullest extent of the law and Clouse's request for a concurrent sentence. After hearing from Clouse that he apologized to the victim for what he had done and he had pleaded guilty to spare everyone "the hassle and emotional trauma of bringing all that stuff up again," the sentencing court carefully identified and fully explained the many factors it had considered in arriving at the sentences to be imposed on Clouse for his crimes. In its exhaustive list of sentencing factors, the sentencing court made no mention of the alleged two armed robberies in Cody and Powell. The factors considered were:

—Probation: circumstances do not warrant probation as an alternative.

—Seriousness of the crimes: as serious as any that could be committed, short of murder.

—Previous crimes: served prison term of six years for armed robbery, during which time there were numerous infractions, both at the penitentiary and the state hospital.

—The convenience store armed robbery and sexual assault was committed a few

months after defendant's release from his six-year prison term.

—A substantial juvenile record.

—ABA Standards on criminal justice dealing with sentencing. No mitigating factors, but several aggravating factors were found:

(1) The victim was treated with particular cruelty;

(2) The offense involved injury or threatened violence to others and was committed to gratify Clouse's desire for pleasure or excitement;

(3) The degree of harm was substantially greater than average;

(4) The victim was particularly vulnerable;

(5) Defendant was the leader of the criminal enterprise.

—Correctional treatment: most effectively provided at the penitentiary.

—Punishment: deserved, given the serious nature of the offenses.

—Past record: recidivism likely in light of defendant's continued criminal activity, despite less harsh sanctions applied for past crimes, and if a lesser sentence is imposed the risk is high that defendant would continue to commit criminal offenses.

—Deterrence: the punishment should be substantial to deter others from committing similar crimes.

—Rehabilitation: a slim possibility.

—Isolation of defendant would benefit society.

—Defendant represented well by counsel (initially charged with four major felonies), noting a jury trial would have resulted in a sentence twice as severe.

—Society's need for retribution, protection and punishment.

Clouse did not respond to these stated reasons at that time or to the sentences imposed.

## DISCUSSION

### 1. *Abuse of Discretion*

■ Clouse argues that his sixty-year minimum to seventy-five-year maximum sentence precludes any hope of his rehabilitation and is based only on retribution and perhaps prevention, but not on the humane principles of reformation and prevention as required by the Wyo. Const. art. 1, § 15. He contends the sentencing court failed to consider his background of being a victim of child abuse and his demonstration of remorse for having committed the crimes to which he pleaded guilty. He concludes that the sentencing court's failure to realistically consider rehabilitation, Clouse's child abuse background and his remorse constituted an abuse of sentencing discretion.

This argument is without merit. In the absence of a demonstration of an abuse of discretion, this court will not set aside a sentence which is within the legislatively mandated minimum and maximum terms. *Roose v. State*, 753 P.2d 574, 579 (Wyo. 1988).

[S]entences within the statutory limit authorized by the legislature are reviewable for an abuse of discretion.

\* \* \* \* \* \*

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Martin v. State*, 720 P.2d 894, 896–97 (Wyo.1986). The sentencing court imposed sentences within the legislatively prescribed limits. Carefully reviewing the record and the factors identified and explained by the sentencing court in support of the sentences it imposed on Clouse, we hold the sentencing court did not reach an arbitrary or capricious conclusion under the circumstances. *Id.*, at 896–97.

### 2. *Due Process*

■ Relying on the principle that he has a due process right to be sentenced only on accurate information, *United States v. Jones*, 640 F.2d 284, 286 (10th Cir.1981), Clouse claims the sentencing court violated that right by sentencing him on inaccurate information and unproven allegations of prior criminal activity. He identifies the

inaccurate information to have been: ·the victim was particularly vulnerable; Clouse was the leader of the criminal enterprise; and the degree of harm caused was substantially greater than average. He identifies the unproven allegations of prior criminal activity to have been his substantial juvenile record and the two felony charges which the state dismissed under the plea bargain.

This claim of error is similarly without merit. We have carefully examined the record, particularly the presentence investigation report. Not only do we find substantial support for the questioned information and allegations, but we also find that neither Clouse nor his attorney objected to that information or those allegations during the sentencing proceeding. None of the four matters contained in the presentence investigation report, which Clouse's attorney brought to the sentencing court's attention, concern the information and allegations now questioned by Clouse for the first time. Lacking Clouse's denial of or attempt to disprove the information contained in the presentence investigation report he now complains of, the sentencing court properly considered that evidence. *Christy v. State*, 731 P.2d 1204, 1207–08 (Wyo.1987).

### 3. *Self–Incrimination*

The record shows the sentencing court did not consider for sentencing purposes Clouse's admissions to the probation officer to having committed the armed robberies in Cody and Powell. Despite this, Clouse baldly asserts that the sentencing court did consider these matters. He makes no effort to prove that bald assertion. Because Clouse has failed to make the attempt of establishing a factual basis for his claim of error, we will not further consider this issue. See *Smallwood v. State*, 771 P.2d 798 (Wyo.1989).

### 4. *Reliance on Disputed Information in the Presentence Investigation Report*

■ In his final issue, Clouse argues that the sentencing court erred in failing to indicate whether his admission of the arm-

ed robberies in Cody and Powell and the probation officer's impression of Clouse's lack of remorse for the convenience store crimes either were accurate or would be used in determining sentence. He asks this court to apply the provisions of F.R. Cr.P. 32(c)(3)(D), which require a federal sentencing court to make a written record of its findings of accuracy of disputed presentence investigation report information or of its determination that no finding is necessary because it will not consider the disputed information for sentencing purposes.

What this court said in *Christy*, 731 P.2d at 1206, applies here: "We are guided, and the sentencing process is controlled by, Rule 33, W.R.Cr.P. (Similar to Rule 32, F.R.Cr.P., *except that the 1983 amendments have not been adopted in Wyoming*.)" (Emphasis added). The provisions of the federal counterpart are part of the 1983 amendments not adopted in Wyoming. It is not the practice of this court to adopt, amend or disregard rules by opinion changes. Nor does Clouse's argument persuade us to adopt and apply them now. We are satisfied that the provisions of W.R.Cr.P. 33 as presently constituted serve well. Our rule addresses both the sentencing court's need to have all available information with which to make an intelligent evaluation and informed decision in the proper exercise of discretion, and the convicted individual's need to exercise the right of allocution and to deny, dispute, or disprove presentence investigation data. *Christy*, 731 P.2d at 1207–08. Our standard of review continues to be: "A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Coletti v. State*, 769 P.2d 361, 363 (Wyo.1989).

Since Clouse has failed to show any of these elements, this court will not disturb his sentence.

Affirmed in all respects.

URBIGKIT, J., filed a specially concurring opinion.

URBIGKIT, Justice, specially concurring.

I concur in the decision and generally concur in the opinion by specific agreement that this court should not adopt, amend or disregard its rules in individual case decisions.

Within the continued obligation to improve operation of the court system, I cannot agree that this court's attention should ignore progressive changes to adopt reasoned improvements found in modernized federal practice and procedural rules. A call to review and continued attention by the statutory rules committee and this court should always exist. The purpose of the change now found in F.R.Cr.P. 32(c)(3)(D) was to have the trial court make a finding as to the accuracy of the challenged factual proposition or to determine that no reliance would be placed on that proposition at the time of sentencing. The rule requires the trial court to record what was factually considered for the sentencing decision.

Certainty in documented decisions deters or simplistically resolves subsequent appeals, while doubt and conjecture cause or magnify. Additionally, standardization supplies a firmer practice foundation with the composite authority which is created. The assurances of nationally based precedent benefit the practicing lawyer, the trial judge and surely the appellate jurist. Believing that anything created by man can be improved, I leave comparisons of our present W.R.Cr.P. 33 and the 1983 amendments which were made to the federal rule as found in F.R.Cr.P. 32(c)(3)(D) for challenged analysis and review as a continuing judicial responsibility for recommendation of the rules committee and supervision by this court within its justice delivery system responsibilities as required by Wyo. Const. art. 5, § 2. In this case, the trial court accurately and adequately complied with the present rule.