Ruby Jean GREEN, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 91–57.

Supreme Court of Wyoming.

Feb. 3, 1992.

---

Leonard D. Munker, State Public Defender, and Maren K. Felde, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Jennifer L. Gimbel, Sr. Asst. Atty. Gen., and Mark T. Moran, Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., THOMAS, CARDINE and MACY, JJ., and LEHMAN, District Judge.

LEHMAN, District Judge.

In this appeal, we address the claims of appellant, Ruby Jean Green, that her sentence was excessive and that she did not receive proper credit for presentence incarceration.

We affirm.

## ISSUES

Green states her issues to be:

1. Did the District Court abuse its discretion and impose an excessive sentence on the Appellant when it was aware that the Appellant had already served more time in the Wyoming Women's Correction Facility [Wyoming Women's Center] than she had been sentenced to?

2. Should Appellant receive credit for time served to be applied to maximum and minimum terms of her sentence because the Judgment and Sentence ordered the Revocation of Parole and conviction to run concurrent[ly]?

Appellee, State of Wyoming, formulates the issues somewhat differently:

I. Did the district court abuse its discretion in sentencing appellant?

II. Did appellant's failure to object, deny, or otherwise challenge the assistant district attorney's explanation made to the district court concerning the basis of appellant's past incarceration preserve the issue for appeal?

III. Was the district court required to credit appellant for presentence confinement after the date of her parole violation arrest?

## FACTS

By criminal complaint filed on May 2, 1990, Green was charged with committing forgery in violation of Wyo.Stat. § 6-3-602(a)(ii) and (b) (1988).[1] Green had possession of a United States Treasury check in the amount of $377 made out to her mother and, in the company of a friend, cashed it at a Casper supermarket without having any authority to do so.

At a change of plea proceeding held on October 23, 1990, she entered a plea of guilty to that forgery charge. After completion of the presentence investigation, the district court entered judgment and sentence on January 17, 1991, sentencing Green to serve a term of not less than three nor more than five years in the Wyoming Women's Center. That sentence was made to run concurrently "with any present parole revocation sentence."

---

1. Wyo.Stat. § 6-3-602 states in pertinent part:
    (a) A person is guilty of forgery if, with intent to defraud, he:
    *    *    *    *    *    *
    (ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

    *    *    *    *    *    *
    (b) Except as provided in subsection (c) of this section, forgery is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

The district court's choice of the words "any present parole revocation sentence" was quite deliberate. At the sentencing hearing, it was not entirely clear exactly how much time she had spent at the Wyoming Women's Center on her previous forgery convictions, although the district court might have taken judicial notice of its previous sentences. It is apparent that the presentence report was inaccurate as to the disposition of Green's previous crimes. The district attorney offered this explanation in response to Green's counsel having questioned the accuracy of the presentence report:

> MR. BLONIGEN: Your Honor, if I may, as Mr. Murray has made reference to the forgery sentencing that were received, my records indicate that in the first forgery sentencing actually occurred in April of 1985, and resulted in a term of one to 2 years at the Wyoming State Women's Center and, I believe, that the fact that she served 8 months would be about right given one to two [year sentence]. The second sentence was imposed in 1986 and my records indicate a sentence by this Court of 3 to 6 years[.] [G]iven that she has spent a substantial part of the last 5 years in the Penitentiary I would suggest, Your Honor, that those would be the correct sentences imposed in the past, not the ones resulting in the presentence investigation.

The presentence report also recites that Green said she had no recent work history because she had been an inmate at the Women's Center since 1985. In addition, that report notes Green was released on parole on September 22, 1989, and her parole was revoked on May 15, 1990.

After the record on appeal was docketed in this court, the record was supplemented, upon motion of the state, to include material which clarified these matters. Those documents demonstrated:

1. Green was sentenced to a term of one to two years for forgery on April 15, 1985. (Green apparently served eight months of this sentence, but that fact has no pertinence to the resolution of this case.)

2. Green was sentenced to a term of three to six years for a second charge of forgery on November 7, 1986.

3. By "Parole Agreement And Parole Grant" dated August 9, 1989, Green was placed on parole from the three to six year sentence.

4. For reasons unrelated to the crime at issue in this case, on April 18, 1990, the Board of Parole issued a recommendation that her parole be revoked. An arrest warrant was also issued on that same date.

5. The date of her arrest for the parole violation is shown in the supplemental record. A document, which constituted a waiver of Green's right to a preliminary hearing to determine the probable grounds of violation of her parole, indicates that she was taken into custody of the Parole Board on April 25, 1990. The order revoking her parole was voted upon by the Parole Board at the Women's Center on May 16, 1990, and Green was at that time an inmate at the Women's Center.

### DISCUSSION

As her first issue, Green asserts the sentence imposed was excessive because the evidence at the sentencing demonstrated she had served considerably more time in the Wyoming Women's Center than she was supposed to have served. Therefore, the argument continues, the district court should have credited Green with the excess time she had served in the past. Based upon the record, as supplemented and set out in detail above, no such argument is viable.

A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct which is prejudicial, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Coletti v. State*, 769 P.2d 361, 363 (Wyo. 1989). We hold the imposed sentence does not constitute an abuse of discretion and, to that extent, the sentence is affirmed. *Whitfield v. State*, 781 P.2d 913, 916–18 (Wyo.1989); *Roose v. State*, 753 P.2d 574,

579–80 (Wyo.1988); *Weber v. State,* 726 P.2d 94, 96 (Wyo.1986). *See also Green v. State,* 776 P.2d 754, 757 (Wyo.1989).

As her second issue, Green contends the district court did not give her credit for time served in presentence confinement as required by *Renfro v. State,* 785 P.2d 491, 495–99 (Wyo.1990). The state has conceded that additional proceedings are required to determine whether Green is entitled to credit for pre-sentence confinement. We accept the state's concession.

■ Green was arrested on the forgery charge on April 17, 1990. Apparently, she yielded herself to the custody of the Parole Board on April 25, 1990. At that point, she had no right to bail. *Pisano v. Shillinger,* 814 P.2d 274, 276–77 (Wyo.1991). Thus, it appears that for the window of time prior to her arrest on the parole revocation, Green is entitled to credit for jail time off both her maximum and minimum sentences.

Remanded to the district court to revise the judgment and sentence, if necessary, in accordance with this opinion.

URBIGKIT, Chief Justice, concurring.

I concur generally in the court's decision except for the statement regarding bail pending a hearing on parole revocation contained in the second to last paragraph of the majority opinion. I do not agree, within either our state statutes or constitution, that no right to bail pending revocation proceedings does exist. *Pisano v. Shillinger,* 814 P.2d 274, 277 (Wyo.1991), Urbigkit, C.J., dissenting. Furthermore, this court's decision in that case did not necessarily determine that bail, upon the institution of a proceeding for revocation of either probation or parole within the discretion of the appropriate judicial officer, can never be obtained. *See Pisano,* 814 P.2d at 277. I continue to believe that a right of an arrested individual to be considered for bail is a sacred constitutional right that should

not be casually discarded within our society which is directed to incarcerate more often and for longer times while spending a larger share of our public resources to build, staff and maintain confinement facilities. Society cannot indefinitely decrease the number of people who work to support those who cannot or do not.

I will continue to rely on the Wyoming Constitution for my decision in judicial responsibility and, in particular, Wyo. Const. art. 1, § 14, which states:

All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishment be inflicted.

I also rely on Wyo. Const. art. 1, § 15, which states that "[t]he penal code shall be framed on the humane principles of reformation and prevention."

Excluding disagreement with the one sentence in this majority's opinion, I agree that *Renfro* credit, *Renfro v. State,* 785 P.2d 491 (Wyo.1990), would not be applied to time spent in confinement on a pending criminal charge pre-sentence if the accused is also held on a probation or parole revocation proceeding. This is true because the accused, in any event, cannot secure release, whether able to post bond on the criminal charge or not, while held separately on the revocation arrest order. Additionally, the individual would be entitled to confinement credit for credit against any incarceration established by the revocation decision. Dual credit is neither required nor justified.