**Robert JOHNSON, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 89–128.

Supreme Court of Wyoming.

March 22, 1990.

Mike Cornia, Appellate Counsel, Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen Bryne, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, and Martin J. Troshynski, Student Intern, Prosecution Assistance Program, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT and GOLDEN, JJ., and ROONEY, Ret. J.

ROONEY, Retired Justice.

After pleading guilty to burglary, appellant was sentenced to four to five years in the penitentiary with credit for time served subsequent to arrest and prior to sentencing, and with the sentence to run concurrently with any time received for violation of a previous probation.

In this appeal, appellant requests a remand for resentencing, contending that he was denied due process of law because the

sentencing court improperly considered certain information in the presentence report.

We affirm.

With reference to presentence investigation, W.R.Cr.P. 33(c) provides:

"(1) **When Made.**—The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs.

"(2) **Report.**—The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation,. or in the correctional treatment of the defendant, and such other information as may be required by the court. The court, before imposing sentence, shall disclose to the defendant or his counsel all of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. The material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the state."

We have said that filed presentence reports and information are evidence for the exercise of sentencing discretion, subject only to rights of the convicted individual to deny, dispute or disprove. *Christy v. State,* 731 P.2d 1204 (Wyo.1987). In three recent cases (*Clouse v. State,* 776 P.2d 1011 (Wyo.1989); *Coletti v. State,* 769 P.2d 361 (Wyo.1989); and *Smallwood v. State,* 771 P.2d 798 (Wyo.1989)), we said that the sentencing will not be disturbed as violation of due process because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. We further said that the defendant had the burden to "establish that the sentencing judge in fact rested the sentence on false or improper premises." *Smallwood,* 771 P.2d at 802.

In this case,[1] appellant contends that the sentencing court erred with respect to consideration of three items in the presentence report.[2]

I

■ At the sentencing, appellant's counsel moved the court "to strike or to not consider any prior convictions from the State of Ohio." He argued that a note to the identification record which is a part of the Adult Offense History portion of the Prior Offense History Section of the report made inaccurate the recitation of the Ohio convictions set forth in the report. The

1. The Federal Sentencing system has been dramatically changed by the Sentencing Reform Act of 1984, part of the Comprehensive Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (1984). Parole was abolished, and definite sentences are to be imposed by the court under rigid guidelines. Prior thereto (*see Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)), federal courts generally had discretion in sentencing similar to that provided by W.R. Cr.P. 33. See Comment, *Access, Accuracy and Fairness: The Federal Presentence Investigation Report Under Julian and the Sentencing Guidelines,* 1989 Wis.L.Rev. 837.

2. The presentence report is divided into the following sections and portions of sections:
   I. Present Situation
   II. Offense
     Official Version
     Defendant's Version
     Victim Impact Statement

   III. Prior Offense History
     Juvenile Court History
     Adult Offense History
   IV. Personal History
     Defendant
     Parents and Siblings
     Marital
     Education
     Employment
     Military
   V. Health
     Physical
     Mental/Emotional
     Substance Abuse
   VI. Financial Condition
     Assets
     Liabilities
     Restitution and Costs
   VII. Evaluation and Recommendation
     Evaluation
     Recommendation

note reads: "The records this Agent received from the authorities in Ohio did not make the dates of arrest and dispositions perfectly clear." The entire section reads:

"a.

| Date: | Charge: | Location: | Disposition: |
|---|---|---|---|
| 01/18/78 | Petit Larceny | Cambridge, Ohio | Pled guilty, three days jail |
| 02/25/78 | Breaking & Entering | Cambridge, Ohio | Convicted, confinement two to five years |
| 02/28/78 | Forgery | Cambridge, Ohio | Multiple charges, one conviction to run concurrent with Breaking & Entering |
| 03/13/78 | Fraud—Insufficient Funds Check Passing | Cambridge, Ohio | Held |
| 04/05/78 | Failure to Display License Plates | Cambridge, Ohio | Pled guilty, $10 and costs |
| 04/07/78 | Bad Check with Prior | Cambridge, Ohio | Waived preliminary hearing, bound over to grand jury, $1,000 |
| 07/12/79 | Grand Theft X2 | Cambridge, Ohio | Convicted, confinement four to ten years |
| 05/13/85 | Larceny | Buffalo, Wyoming | Six months county jail, fined $750 and $10 court costs, sentence and $250 of the fine suspended and placed on six months probation, receive counseling, 05/13/85 |
| 07/31/85 | Burglary | Buffalo, Wyoming | Two to four years at Wyoming State Penitentiary suspended, placed on probation for a period of four years, 10/01/85 |
| 09/28/87 | Ran Stop Sign | Casper, Wyoming | Guilty plea, fined $40, 10/28/87 |
| | Improper Registration | Casper, Wyoming | Guilty plea, fined $30, suspended on condition no similars for one year, 10/28/87 |
| 08/11/88 | Burglary | Casper, Wyoming | Present Offense |

"Note: The records this Agent received from the authorities in Ohio did not make the dates of arrest and dispositions perfectly clear.

"b. Robert reported to this Agent that he was convicted on June 28, 1978, for Breaking and Entering and Gran[d] Theft in Cambridge, Ohio. He said he received two to five years on each charge and they were to run concurrent. He was placed on shock probation after serving 120 days in the Lebanon Correctional Facility. He went on to say that in August of 1979, he was convicted of Grand Theft in New Philadelphia, Ohio, and of Grand Theft in Cambridge. He reported he received a sentence of two to five years on each charge, to run concurrent with each other. His probation from Cambridge was revoked and he was sentenced to serve a term of two to five years in the penitentiary to run consecutive with the Grand Theft convictions. He reported that he served forty-two months in the Marion Correctional Facility from May, 1980, to March 17, 1983. He reported that he was on parole for one year and that he was discharged from parole on April 20, 1984.

"The records indicate that Robert was in the Marion Correction Facility from May 7, 1980, to March 17, 1983. They also indicate that Robert was discharged from parole on April 19, 1984. Robert was also incarcerated from July 6, 1978, and was released on November 15, 1978,

on a suspended sentence. This incarceration period was apparently part of the shock probation, Robert reported."

The court denied the motion. The motion requested striking and non-consideration of all "prior convictions from the State of Ohio" as contained in the report—not only those contained in the identification record to which the note applied. Accordingly, the request, if granted, would have the court strike or disregard the Ohio convictions admitted by appellant. The admissions were to the major offenses listed in the identification record which was included in the Adult Offense History section of the report, although differing in dates and dispositions. Accordingly, the court properly refused to strike or disregard such admissions as requested by appellant's motion.

Further, the motion and argument did not specify the claimed inaccuracies, relying only on the general statement contained in the note to the identification record portion of the Adult Offense History section of the report. Appellant's challenge is not to the existence of the offenses, but only to the dates upon which they occurred and to the exact sentences received. Appellant did not meet the *Christy, Coletti, Smallwood* and *Clouse* requirements for the existence of error.

## II

■ At the sentencing hearing, appellant's counsel made the following motion: "[T]he personal history of the defendant, second paragraph [3] makes reference to what the defendant's sister allegedly said, reported that the defendant took certain items of hers. That is pure hearsay and conclusionary, Your Honor. We would move to strike that." The court responded: "I will deny the motion. Although I will say that that particular statement in the report is not of any substantial importance to me."

Subsequently, defendant's counsel made the following motion:

"[U]nder Health, the defendant's sister's statement stating he has a sickness for taking things is purely conjectural and conclusionary, and we would request that be stricken, she doesn't appear to be an expert on sicknesses, it doesn't say what sickness." [4]

Again, the court responded, "I will deny the motion, and the statement is not of substantial importance to me."

And again, appellant has failed to indicate wherein the contested statements are inaccurate or otherwise meet the *Coletti, Smallwood* and *Clouse* requirements for the existence of error.

With reference to the "hearsay" nature of the statements:

"There are no formal limitations on [presentence report] contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged."

*Gregg v. United States,* 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969).

■ W.R.E. 802 provides:

---

3. The referred paragraph reads:
    "This Agent contacted his sister, Debbie Denny, to verify the information Robert reported to this Agent. It would appear from questioning Debbie that Robert supplied truthful information to this Agent. Debbie described Robert as a very smart person, a good student, and a good person in general. She said that Robert has a problem of taking things that do not belong to him. Debbie reported that Robert took wedding rings and an old coin collection from her and her husband. Robert admitted to her that he took these items and Debbie said she bought her wedding ring back from a pawn shop. She said *Robert needs help because he takes things that do not belong to him* and that he is tempted to steal items. She reported that he

does not hold a good job because he is late for work. She believes that Robert got into trouble partly because he was trying to feed his girlfriend and her children. Debbie is upset with Robert committing this offense, and she wants Robert to receive mental health counseling. She does not want Robert to go to the penitentiary, but would rather see him go to Community Alternatives of Casper."

4. The reference is to the statement in the report which reads:
    "The Defendant denied ever having any mental problems. Robert's sister, Debbie, believes Robert has a 'sickness' for taking things that do not belong to him. She wants Robert to get mental help for his sickness."

"Hearsay is not admissible except as provided by these rules or by other rules adopted by the Supreme Court of Wyoming or by statute."

This rule has reference to "evidence" presented at trial or hearing, and not to "information" useful to the court in sentencing.

One of the "other rules adopted" by this court, W.R.Cr.P. 33(c)(2) states in pertinent part that the presentence report shall "contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful." It does not except hearsay or conclusionary "information."

■ Additionally, that said by appellant to be hearsay is not hearsay as communicated to the court through the probation officer. W.R.E. 801(c) provides: "'Hearsay' is a statement, other than one made by the declarant while testifying *at the trial or hearing*, offered in evidence to prove the truth of the matter asserted." [Emphasis added.]

Except that which appellant, himself, related to his sister (which relation is not the statements referred to by appellant to be hearsay), the information derives its value solely from the credit of the sister and not on the veracity or competency of others. It was not that repeated at second-hand from information received from a third person. *See* 31A C.J.S. *Evidence* ¶ 192; 29 Am.Jur.2d *Evidence* §§ 493, 497. It was not hearsay information as received by the probation officer. To classify information received by the probation officer as "hearsay" and thus prevent the transmission of it to the court would make a presentence report to be without value. The probation officer collects the information contained in the presentence report on behalf of the court. In effect, statements made to the probation officer are made to the court. Information received by the court through this procedure cannot be classified as impermissible hearsay.

5. The letter reads:
  "Dear Sirs:

III

■ At the sentencing hearing, appellant's counsel made the following colloquy and motion:

"Your Honor, I would note that the Court has a copy of the statement, the affidavit filed by the officer, which sets forth, by Mr. Ghaffari certain items that were taken. I would note to the Court that those items have grown considerably since the time, that the defendant has pled guilty in that matter. The Defendant's statement indicates a couple of items, he does not indicate any of these things and most of these items that are listed here, brand new weed eater, was not mentioned, there was mention in the police re[po]rt of some damage to a Kenmore washer, broken lock, no mention to my knowledge or recollection of a double cassette, and the Court should note that all three Homolite saws, I believe, were recovered. As to the statement by Mr. Ghaffari, it is confusing, Your Honor, in some aspects bec[au]se it is supposed to be from Mr. Ghaffa[ri], except he keeps saying we, and we have no idea who we are, and we suspect that some of these items mentioned that have been taken belong to 'we' and that is people other than Mr. Ghaffari. He does come to a conclusion here that the Defendant has been taking valuable items from a lot of tenants. That is pure speculation and conjecture on his part, and the list of damages and stolen properties other than those items mentioned in the probable cause statement and by the Defendant are probably items belonging to somebody else other than Mr. Ghaffari, bec[au]se it does state 'we' throughout, because he has lumped in apparently other people's items. We would move to strike his entire statement."

The court properly denied the motion.

The statement referred to by appellant is a letter attached to the presentence report under the "Victim Impact Statement" portion of the offense section.[5] Again, appel-

"This is in reguard [sic] to your letter concerning Robert Johnson. I have lived at the

lant does not point to a specific inaccuracy in the contents of the letter. He notes that some items were added to the list of that alleged to have been stolen, but he does not contend that they were improperly added. He does not deny that he stole them—only that he has not admitted doing so. He complains that the letter refers to items possibly owned by someone other than Mr. Ghaffari, but, again, he does not deny that he stole them. In short, he does not challenge the accuracy of the statements. He only characterizes them as "pure speculation and conjecture." Appellant had the duty to "deny, dispute or disprove" the information. *Christy*, 731 P.2d 1204. He had the burden to establish that the sentence rested "in fact" on "false or improper promises." *Smallwood*, 771 P.2d 798.

In summary, appellant was timely furnished a copy of the presentence report. He now contends error in consideration by the court of three items contained therein, but he does not specify wherein the items are inaccurate. In fact, he admits the accuracy of some of the contested items. He has not carried his burden to establish that the sentencing judge in fact rested the sentence on false or improper premises.

Affirmed.

present address of 345 So. Park Street, for seven years, during which I have managed and then eventually owned said property.

"We have never had any trouble with missing property untill [sic] August of 1988. All of the apartments were broken into, and valueable [sic] items were discovered missing. Most of our tenants are Senior Citizens, which he befriended and then, eventually victimized. (All trouble started after Mr. Johnson moved in)

"We feel that to allow this calabor [sic] of person to walk our streets would be asking for simular [sic] troubles to occur to other innocent people, and would be counter-productive to our community.

"Sincerely,
"Sidney Ghaffari
"List of Damaged and Stolen Properties attributed to Robert Johnson are as follows:

| | |
|---|---|
| "Brand-new weed eater from Coast to Coast | 175.00 |
| "Double-loaded Kenmore Washer (coin op) | 1255.00 |
| "Miscellaneous Tools | 325.00 |
| "Broken Lock and garage door | 75.00 |
| "Double Casette [sic] tape player | 185.00 |
| "3 Homelite chain saws "(police found them at pawn shop in Robert Johnson's name) | –0– |
| "Total Value . . . . . . . . . . . . . . . . . . . . | 2015.00" |