**Mark Edward WAYT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–38.**

Supreme Court of Wyoming.

March 11, 1996.

Sylvia L. Hackl, State Public Defender; and Deborah Cornia, Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Lou Piccioni, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Sentenced to not less than three years nor more than five years in the Wyoming State Penitentiary for the crime of burglary, appellant complains he was the victim of an illegal sentencing procedure and wants credit for time served on unrelated offenses. Finding any defect to be harmless, we affirm.

## I. ISSUES

Appellant states his issues as follows:

I. Whether the presentence investigation report and sentencing proceeding violated appellant's right to due process and Wyoming Rule of Criminal Procedure 32.

II. Whether the trial court failed to award the appellant credit for presentence incarceration.

Appellee refines the issues with the following questions:

I. Did the trial court violate appellant's right to due process by relying on false or improper premises prior to imposing sentence?

II. Were the requirements of Rule 32(A)(3)(C) [sic] of the Wyoming Rules of Criminal Procedure applicable in this case?

III. Was the appellant entitled to receive more than nineteen (19) days presentence confinement credit for the burglary conviction?

## II. FACTS

At 4:20 a.m. on April 20, 1994, Mark Wayt (Wayt) was caught with a wheelbarrow full of supplies he was preparing to liberate from

Kilwein Drilling. Charged that same day with burglary, Wayt was held in the Natrona County, Wyoming jail from April 20, 1994 until May 5, 1994 (fifteen days). On May 5, 1994, Wayt waived his preliminary hearing and was admitted to bail.

On June 16, 1994, Wayt was arrested in Platte County, Wyoming for driving while under the influence (DUI), driving while under suspension, and possession of a controlled substance. As a direct consequence of *that* arrest, Wayt spent the next fifty-four days in the Platte County jail. On August 9, 1994, Wayt was sentenced in Platte County to six months confinement for each of his three Platte County offenses, with all but fifty-four days of that sentence suspended and credit for time served.

A nervous Natrona County bondsman revoked Wayt's bond on the burglary charge with news of his Platte County arrest, so his release from the Platte County jail was into the waiting arms of Natrona County authorities. In that moment of relative sobriety, Wayt pled guilty to the Natrona County burglary charge on August 9, 1994, and was, once again, admitted to bail three days later on August 12, 1994, pending a sentencing hearing set for November 29, 1994.

Returning to Wheatland, Wyoming, Wayt was again arrested in Platte County for DUI, driving while license suspended, and improper display of registration. Wayt pled guilty to the three charges and was sentenced on August 18, 1994 to three consecutive six month terms with credit for time served. Needless to say, the burglary bond was again revoked, but Wayt remained in the Platte County jail serving the justice court sentences until his November 29, 1994 sentencing for burglary in Natrona County.

On November 29, 1994, fresh from the Platte County jail, Wayt was sentenced for the Natrona County burglary to a term of not less than three years nor more than five years in the state penitentiary. He was granted credit "for nineteen (19) days previously served in the Natrona County Detention Center."

Asserting entitlement to credit for time served in Platte County, Wayt also scores the sentencing court's failure to make a record concerning inaccuracies in his presentence investigation report (PSI). Specifically, Wayt complains that his PSI listed a conviction for wrongful disposition of property, despite reversal of that conviction in *Wayt v. State*, 809 P.2d 802 (Wyo.1991). Despite a motion for correction and colloquy at sentencing, the district court made no record of that correction.

Two aspects of the 1991 case instruct our deliberations in this matter: (1) the same district judge presided over both cases; and (2) Wayt's sentence in the first case was three to five years in the state penitentiary. *Id.* at 803.

## III. DISCUSSION

### A. FAILURE TO CORRECT PSI

W.R.Cr.P. 32(a)(3)(C) reads as follows:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make:

(i) A finding as to the allegation; or

(ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.

The PSI shows Wayt's familiarity with juvenile courts, including at least two delinquency adjudications and a Boys' School placement for auto theft. The PSI also lists more than eleven adult offenses, including seven DUI convictions and thirty days of jail in Nebraska for "Fraud/Swindle, Property Damage." The wrongful disposition of property conviction was also listed, with no mention of subsequent appellate reversal.

Prior to sentencing, Wayt filed and served his objections to the PSI asserting, *inter alia:* (1) the Nebraska conviction was for

**1109**

property damage only; (2) his earlier wrongful disposition of property conviction had been overturned on appeal; and (3) he had pled guilty to an eighth DUI charge.

Wayt's counsel noted at sentencing that Wayt understood the district court to be "well aware" that the wrongful disposition of property conviction had been overturned. The district court made no mention of corrections prior to sentencing, stating only: "Mr. Wayt, the big problem I have with your case is that you have been in trouble with the law for nearly 25 years now."

■ Clearly, the PSI erred in failing to note that Wayt's wrongful disposition of property conviction had been overturned. Just as clearly, the district court erred in failing to make findings as to Wayt's proposed PSI corrections, as required by W.R.Cr.P. 32(a)(3)(C).

Having demonstrated procedural error, however, Wayt remains obliged to show prejudice under "circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Johnson v. State,* 790 P.2d 231, 232 (Wyo. 1990) (quoted with approval in *Mehring v. State,* 860 P.2d 1101, 1115 (Wyo.1993)). Further, it is his burden to "establish that the sentencing judge in fact rested the sentence on false or improper premises." *Smallwood v. State,* 771 P.2d 798, 802 (Wyo.1989). *Johnson* and *Smallwood,* although decided prior to adoption of the current Wyoming Rules of Criminal Procedure, apply to review of due process challenges brought under the current W.R.Cr.P. 32. *Mehring,* 860 P.2d at 1115.

We do not approve of the district court's failure to comply with W.R.Cr.P. 32, but the sentence is well within the ten year maximum punishment for burglary and may not be set aside absent a clear abuse of discretion. Wyo.Stat. § 6–3–301(b) (1988); *Betzle v. State,* 847 P.2d 1010, 1024 (Wyo.1993). Wayt has neither established abuse of discretion nor demonstrated prejudicial harm.

■ It is a matter of record that the sentencing judge in this case presided at the earlier conviction of Wayt which was subsequently set aside by this court. Wayt acknowledged the district court's awareness that the earlier conviction had been overturned. Wayt is chargeable with the knowledge that a court may take judicial notice of its own records in cases closely related to the one before it. *State in Interest of C,* 638 P.2d 165, 172 n. 10 (Wyo.1981). However, Wayt mounted no effort to disqualify the district judge, either peremptorily or for cause pursuant to W.R.Cr.P. 21.1.

More to the point than identity of courts is the identity of sentences imposed for the overturned conviction and the present offense. Like the 1994 burglary, wrongful disposition of property was, in 1989, a felony punishable, *inter alia,* by a maximum of ten years imprisonment. Wyo.Stat. § 6–3–403(a)(i) (1988). It is fair to infer that, were the district court considering Wayt's earlier overturned conviction as an aggravating factor in the burglary sentence, the burglary sentence would have been noticeably more severe than the earlier sentence.

Not having attacked the overturned sentence, Wayt is ill-situated, six years and three DUI's later, to complain that the district court was unduly harsh in its later *identical* sentencing decision. *Wayt,* 809 P.2d at 803. This speaks not so much to waiver of the right to complain as it does to the inherent fairness of the later sentence.

■ Furthermore, it is abundantly clear that Wayt *has,* as the district court observed, been in trouble for twenty-five years, dating back to a 1970 delinquence adjudication. A defendant's juvenile record and his adult record, *including* dismissed charges, are important clues to his character and are worthy of consideration for sentencing purposes. *Mehring,* 860 P.2d at 1117 (*quoting United States v. Madison,* 689 F.2d 1300, 1314–15 (7th Cir.1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 754, 74 L.Ed.2d 971 (1983)).

Under the circumstances, Wayt's three to five year sentence in this matter represents a model of judicial restraint.

**B. CREDIT FOR TIME SERVED**

■ Wayt wants credit against his burglary sentence for the 169 days of incarceration in the Platte County jail. Indeed, presen-

tence confinement predicated upon inability to post bond should be credited against the sentence imposed by the confining court. *Renfro v. State,* 785 P.2d 491, 498 (Wyo. 1990). Denial of credit for presentence confinement may constitute an illegal sentence. *Eustice v. State,* 871 P.2d 682, 684 (Wyo. 1994). However, presentence confinement credit does not include credit for confinement that would persist without regard to the defendant's bonding capacity in the court where he awaits sentencing. *Wilson v. State,* 896 P.2d 1327, 1328 (Wyo.1995).

■ One hundred and fifty-three days in the Platte County jail occurred *in spite* of Wayt's *capacity* to post bond in Natrona County rather than as a result of any incapacity. Wayt's bondsman did step in after each of his arrests in Platte County to revoke bond, but Wayt's misadventures in Platte County were the reason for his jail time there. His Platte County time was independent of the burglary charge we consider here.

In fact, it appears that Wayt's sentencing in the district court manifestly benefitted him by foreshortening the time he would otherwise have had to spend in the Platte County jail.

## IV. CONCLUSION

Wayt's sentence is well circumscribed by the limits imposed by statute and he has received appropriate, if not somewhat excessive, credit for time served against that sentence. The amended judgment and sentence of the district court is hereby affirmed in all respects.