John BLANKINSHIP, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–271.

Supreme Court of Wyoming.

Feb. 24, 1999.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Monique McBride, Student Intern, Representing Appellant.

Gay Woodhouse, Chief Deputy Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY & GOLDEN, JJ.; and TAYLOR, RET. J.

MACY, Justice.

Appellant John Blankinship appeals from the judgment and sentence which was entered after he pleaded guilty to two counts of distributing a controlled substance to a minor and three counts of taking indecent liberties with a minor.

We affirm but remand for the limited purpose stated in this opinion.

### ISSUES

Blankinship requests our review of the following issues:

**ISSUE I**

Whether the trial court violated the appellant's due process rights by failing to make a specific finding regarding controverted facts in the presentence investigation report in accordance with rule 32(a)(3)(C), W.R. Cr. P. before using these in sentencing the appellant.

**ISSUE II**

Whether the district court abused its discretion by denying the appellant's motion to dismiss ... two indecent liberties counts of the information because they were filed in violation of rule 5(c), W.R. Cr. P.[ ]

## FACTS [1]

Blankinship was initially charged with three counts of delivering marihuana and, by a separate information, two counts of taking indecent liberties with a minor. These charges resulted from an incident that occurred on November 25, 1995, which involved Blankinship, a fourteen-year-old boy, and a fifteen-year-old boy.

Blankinship made his initial appearance on November 29, 1995. A preliminary hearing was scheduled for December 5, 1995, but Blankinship waived that hearing, anticipating that he would enter into favorable plea negotiations with the prosecution. Blankinship was released on bond.

The prosecution subsequently informed Blankinship that the indecent liberties case was grossly undercharged and that new, more appropriate charges would be filed. It filed a motion to dismiss the indecent liberties case. Blankinship asserted that he had entered into an agreement with the prosecution wherein he agreed to plead guilty to one count of taking indecent liberties and one count of delivering marihuana in exchange for the dismissal of the remaining charges. The prosecution contested the existence of a plea agreement. On December 18, 1995, the district court granted the prosecution's motion to dismiss the indecent liberties charges.

Blankinship filed a motion on January 5, 1996, for specific performance of the alleged plea agreement. On February 2, 1996, after holding a hearing on the matter, the district court found that an agreement had not been reached and remanded the delivery charges to the county court for a preliminary hearing. It also rescinded the order dismissing the indecent liberties charges and remanded that case to the county court for "further disposition."

A preliminary hearing on the indecent liberties case was scheduled for February 26, 1996, but, on February 23, 1996, the prosecution moved to dismiss the information because it intended to file more appropriate charges. The county court granted the motion and dismissed the charges without prejudice. Blankinship objected to the dismissal, claiming that it should have been with prejudice because he had not been given a preliminary hearing within the twenty-day limit required by Wyo. R.Crim. P. 5(c). Following a hearing, the county court denied Blankinship's motion. Blankinship filed a motion for reconsideration, which the county court also denied.

The prosecution filed a new criminal information on April 3, 1996, which charged Blankinship with two counts of delivering a controlled substance to a minor, two counts of second-degree sexual assault, and three counts of taking indecent liberties. Blankinship was arrested, and he was released on bond after his initial appearance in the county court on April 9, 1996. A preliminary hearing was held on April 16, 1996, and Blankinship was bound over to the district court on all seven counts.

Blankinship filed various motions including one in which he reiterated his Wyo. R.Crim. P. 5(c) argument. The district court denied the motions, finding that the dismissal was properly without prejudice and that, therefore, the prosecution was free to refile the same charges.

At Blankinship's May 31, 1996, arraignment, he pleaded not guilty to each count, but, on March 10, 1997, he entered unconditional guilty pleas to the two counts of delivering a controlled substance to a minor and to the three counts of taking indecent liber-

1. Most of the court record, as it pertains to the original charges, was not included in the record which was transmitted to this Court. Instead, it begins with the filing of the information charging Blankinship with two counts of delivering a controlled substance to a minor, two counts of second-degree sexual assault, and three counts of taking indecent liberties. The issues in this case involve proceedings which occurred prior to the filing of this information. We, therefore, were forced to glean many important facts from mem-oranda filed by the parties instead of from official court documents. Given that the memoranda were generally congruous, we were able to do that in this case. It goes without saying, however, that this Court should obtain its information from the official documents rather than from memoranda wherein advocates draft facts which may be incomplete, inconsistent, and/or inaccurate. We, therefore, take this opportunity to admonish the parties for designating an incomplete record for appellate review.

ties with a minor. The two counts of second-degree sexual assault were dismissed.[2]

The district court sentenced Blankinship to serve three consecutive terms of not less than four and one-half years nor more than six years each in the Wyoming State Penitentiary for the three counts of taking indecent liberties with a minor. For the two counts of delivering a controlled substance to a minor, the district court sentenced Blankinship to serve two terms of not less than two years nor more than four years each. The delivery sentences were to be served concurrently with one another but consecutively to the sentences for the indecent liberties charges. Blankinship moved to reopen the sentencing hearing, but the district court denied his motion. Blankinship appeals to this Court.

## DISCUSSION

### A. Specific Findings

■ Blankinship claims that the district court violated his due process rights by failing to make specific findings regarding controverted facts in the presentence investigation report pursuant to Wyo. R.Crim. P. 32(a)(3)(C). Specifically, he complains about the absence of findings regarding a victim impact statement by BN, who was not a victim in this case, and the inclusion of a charge of armed robbery, which he disputes ever occurred. The state counters that Blankinship's claim of error must fail because the district court did not rely on BN's statement or any controverted information in the presentence investigation report when it sentenced Blankinship.

Wyo. R.Crim. P. 32(a)(3)(C) provides:

(C) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make:

(i) A finding as to the allegation; or

(ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.

The district court did not make specific findings regarding controverted facts in the presentence investigation report in accordance with Wyo. R.Crim. P. 32(a)(3)(C). Having demonstrated procedural error, however, Blankinship must also show prejudice under "circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Johnson v. State*, 790 P.2d 231, 232 (Wyo. 1990). *See also Wayt v. State*, 912 P.2d 1106, 1109 (Wyo.1996). Furthermore, Blankinship carries the burden to "establish that the sentencing judge in fact rested the sentence on false or improper premises." *Smallwood v. State*, 771 P.2d 798, 802 (Wyo.1989).[3]

Blankinship filed his objections to the presentence investigation report prior to the sentencing hearing. At the sentencing hearing, the district court stated that it had read the presentence investigation report and had considered Blankinship's written objections to it. Before pronouncing a sentence, the district court enumerated the factors it considered to be important in sentencing Blankinship:

THE COURT: Well, the essential facts of the matter are, as both counsel have indicated, although they vary considerably to the, I guess, nature and extent of each of these offenses, that is, the State contends that they occurred in a more deliberate, egregious and extensive fashion than the defense does, which I understand to be

**2.** The judgment and sentence erroneously reflects the dismissal of counts IV and V rather than of counts III and VII.

**3.** This Court has held that, although *Johnson* and *Smallwood* were decided prior to the adoption of the current Wyoming Rules of Criminal Procedure, they apply in our review of due process challenges brought under the current Wyo. R.Crim. P. 32. *Wayt*, 912 P.2d at 1109; *Mehring v. State*, 860 P.2d 1101, 1115 (Wyo.1993).

a characterization of these incidents as certainly not of minimal importance. But that they do not rise to the level of egregiousness that the State contends, and I don't know that we would ever get a very clear picture of precisely what happened and in what chronology. But some of these essential facts, I think, are clear enough and actually not even in dispute. There isn't any dispute but what Mr. Blankinship provided what he thought was LSD to these young boys. He made alcohol available and that they did, in fact, ingest some quantity of both of those substances.

Now, they were, as has been pointed out, 14 and 15 years old at the time. That is, of course, very young and that sort of thing. And since it's again against the law to possess or to use or to deliver LSD, that would be a serious enough offense no matter what the age of the participants. But in this case where they are 14 and 15 years of age respectively, it is particularly serious.

And then the three separate counts of indecent liberties with the minor boys. Now, again there seems to be some dispute as to exactly the nature and extent of that sexual contact and activity, but that it did occur, and that there were at least three separate incidents of it isn't really in dispute.

There is the defendant's background, of course, that is of concern. That is extensive. That is, his previous involvement with the criminal law. And as in most cases it's difficult to tell from the amount of information available in the records what the facts were of the various offenses, what level of seriousness they attained, and in some of the cases even what the disposition is. Many of them were dismissed, so it's hard to know in reading the record like this whether they were dismissed because someone decided the charges weren't worth pursuing or there was insufficient evidence or perhaps there was—they were dismissed as part of a disposition of other charges. One just can't know.

But there are some of the prior incidents that are clear. There was the snatching of a woman's purse with a three-year sentence resulting. That happened in Nevada. That goes back some time, back to 1977. But there are numerous offenses after that, of course.

And the one that the State touched on here, of course, is important and unlawful sexual intercourse with a minor, which Mr. Blankinship pled guilty. According to this, 260 days in jail or—well, it says 360 days jail suspended, I can't tell clearly what that sentence is. But the point is there was a guilty plea for unlawful sexual intercourse with a minor in which it was alleged by the victim, at least the victim stated that the defendant forced her to have sex with him after she consumed alcohol and smoked marijuana which he gave to her. That, of course, is distressingly similar to the facts that we have here except that it involved a young girl rather than boys.

. . . .

THE COURT: There was obstructing—resisting police officer. Disposition is unknown here. Public intoxication and disturbance in Cheyenne. Indecent liberties with a minor in '94, it was dismissed, it was dismissed March 10th of '95, so—

. . . .

THE COURT: Three counts of delivery of marijuana in 1995 dismissed. Then, of course, the current offense, the one that brings Mr. Blankinship here today, or the one for which his counsel pointed out he entered a plea of guilty.

So those are the things that I believe are important. I know there's considerable difference of opinion between counsel on the significance of some of this other material, but I think those are the essential points.

Although we do not condone the failure to make specific findings under Wyo. R.Crim. P. 32(a)(3)(C), the record sufficiently reveals that the district court did not rely on the information with which Blankinship takes issue. Blankinship has not established abuse of discretion nor has he demonstrated prejudicial harm. Accordingly, the failure to attach specific findings requires only a limited remand. *See Mehring v. State,* 860 P.2d 1101, 1117–18 (Wyo.1993).

## B. Preliminary Hearing

Blankinship contends that the district court abused its discretion by denying his motion to dismiss two of the indecent liberties charges, arguing that they should have originally been dismissed with prejudice because he did not receive a timely preliminary hearing on them. The state insists that Blankinship waived his right to challenge the district court's denial of his motion by entering unconditional guilty pleas to those charges.

■ By pleading guilty, a criminal defendant admits all essential elements of the charged crime, thereby waiving all nonjurisdictional defenses. *Ochoa v. State,* 848 P.2d 1359, 1361 (Wyo.1993). We have said that jurisdictional defenses and objections involve

> "the very power of the State to bring the defendant into court to answer the charge against him." *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, 636 (1974). Jurisdictional defects include: unconstitutionality of the statute defining the crime pled to, failure of the indictment or information to state an offense, and double jeopardy.

*Davila v. State,* 831 P.2d 204, 205 (Wyo.1992) (citation omitted). Blankinship does not assert that the indecent liberties statute is unconstitutional, he does not allege that a double jeopardy violation occurred, and he does not claim that the information failed to state an offense. Although Blankinship frames his WYO. R.CRIM. P. 5(c) argument in such a way as to assert a jurisdictional defect, the failure to afford a timely preliminary hearing does not involve the very power of the prosecution to bring him into court.

■ WYO. R.CRIM. P. 48(a) allows the prosecutor to dismiss charges at any time before trial without preventing the refiling of the charges at a later date absent a clear showing of prejudice. *Kerns v. State,* 920 P.2d 632, 639–40 (Wyo.1996). Blankinship has not demonstrated that prejudice resulted. The purpose of a preliminary hearing is to determine whether probable cause exists to justify a restraint of liberty. *Madrid v. State,* 910 P.2d 1340, 1343 (Wyo.1996). Although WYO. R.CRIM. P. 5(c) requires that this determination occur within a prescribed period of time, the failure to hold a timely hearing does not mandate dismissal of the charges with prejudice. Rather, the proper remedy is dismissal of the charges and the discharge of the defendant from custody or from the terms of his bond release. 2 WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 14.2(g) (1984). The prosecution is not, however, precluded from refiling the charges when it is able to provide a timely preliminary hearing. *Id.*

Blankinship has not provided authority which persuades us that the failure to provide a timely preliminary hearing mandates a dismissal of the charges with prejudice under WYO. R.CRIM. P. 5(c). Nor has he directed us to authority to support his argument that such a failure strips the district court of its jurisdiction to hear the case. By pleading guilty, Blankinship admitted all essential elements of the indecent liberties charges. We will not allow him to now complain that a timely probable cause determination was not made after he has admitted to the existence of probable cause by virtue of his guilty pleas.

> "A guilty plea [should be] the end of a criminal case, not a gateway to future litigation. More than a confession, a guilty plea signals defendant's 'intention not to litigate the question of his guilt, and necessarily involves the surrender of certain constitutional rights.'" *People v. Taylor,* 65 N.Y.2d 1, 489 N.Y.S.2d 152, [154], 478 N.E.2d 755, 757 (1985), quoting *People v. Lynn,* 28 N.Y.2d 196, 201–02, 321 N.Y.S.2d 74, 269 N.E.2d 794 (1971).

*Sword v. State,* 746 P.2d 423, 426 (Wyo.1987). The district court properly dismissed the indecent liberties charges without prejudice.

Affirmed but remanded for the district court to make specific findings pursuant to WYO. R.CRIM. P. 32(a)(3)(C).