2003 WY 140

**Delvin Lee BITZ, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 02–169.

Supreme Court of Wyoming.

Oct. 31, 2003.

Representing Appellant: Kenneth M. Koski, Public Defender; Donna D. Domonkos, Appellate Counsel; Marion Yoder, Senior Assistant Public Defender; and James N. Wolfe, Assistant Public Defender.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Daniel M. Fetsco, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1]   This is an appeal from a conviction for taking indecent liberties with a minor, in violation of Wyo. Stat. Ann. § 14–3–105(a) (Michie 1994).   We reverse and remand for re-sentencing because the district court improperly considered at sentencing uncharged crimes and victim impact testimony from those crimes.

### ISSUE

[¶ 2]   Did the district court abuse its discretion and violate the appellant's right to due process of law when imposing sentence by considering, over the appellant's objection, unproven and denied charges, and by considering the victim impact statement of a person who was not the victim of the charged crime, without making specific findings as required by W.R.Cr.P. 32(a)(3)(C) and in conformity with Wyo. Stat. Ann. § 7–21–103 (LexisNexis 2003)?

### FACTS

[¶ 3]   On March 23, 2001, an Information was filed in the circuit court in Uinta County, Wyoming, charging Delvin Lee Bitz (the appellant) with seven counts of first-degree sexual assault and one count of third-degree sexual assault.   An Amended Information filed on April 6, 2001, charged the same offenses, with slight changes in the dates of some of the alleged offenses.   After a preliminary examination in the circuit court, five of the first-degree sexual assault counts and the third-degree sexual assault count were bound over for trial in the district court.   A "District Court Information" was filed on April 9, 2001, containing the six counts that had been bound over and noting the two counts that had been dismissed.   Subsequently, the two dismissed counts were re-filed, bound over to district court, and joined with the others.   Four of the first-degree sexual assault counts named the appellant's step-daughter, CS, as the victim.   The three remaining first-degree sexual assault counts and the third-degree sexual assault count named the appellant's daughter, CB, as the victim.

[¶ 4]   After considerable pre-trial wrangling, the case went to jury trial on February 19, 2002.   Prior to any witness testimony, counsel informed the district court that a plea agreement had been reached.   The terms of the agreement were: (1) the appellant would plead guilty to a single amended

count of taking indecent liberties with his step-daughter; (2) the State would move to dismiss and would not re-file the other charges; and (3) the parties would argue sentencing. A change-of-plea hearing immediately was held. The appellant pled guilty as agreed, and for a factual basis admitted that, sometime in August 1995 he had touched his thirteen- or fourteen-year-old step-daughter's breasts "by going up under her nightgown." The district court accepted the plea agreement and the plea and entered an order for a presentence investigation.

[¶ 5] The subsequently filed Amended District Court Information alleged a single count of indecent liberties with a child, but did not name or otherwise identify the child.[1] In the Presentence Investigation Report (PSI) filed thereafter, the "official version" of the offense contained this single allegation, but it also contained a deputy sheriff's probable cause narration as to all of the originally charged offenses involving the step-daughter. Appended to the PSI were victim impact statements from both the appellant's step-daughter and daughter.

[¶ 6] At the sentencing hearing held on May 23, 2002, the appellant objected to inclusion of the dismissed charges in the PSI and objected to the district court's consideration of those charges, which he denied. The district court, however, noted that there was probable cause to believe those crimes were committed or they would not have been bound over for trial. In addition, the district court indicated that it also had considered the victim impact statements appended to the PSI, including the statement of the appellant's daughter, who was not the victim of the crime to which the appellant had pled guilty. Finally, after citing *Mehring v. State*, 860 P.2d 1101 (Wyo.1993), as authority for consideration of information beyond the charged crime, the district court informed the appellant that it simply did not believe his denials. The appellant was then sentenced to imprisonment for a term of five to eight years.

## STANDARD OF REVIEW

[¶ 7] We review sentencing decisions for an abuse of discretion.

"Sentencing decisions are normally within the discretion of the trial court. *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo.1997). 'A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' *Smith v. State*, 941 P.2d 749, 750 (Wyo. 1997). 'An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial.' *Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo.1995) (citations omitted); *see also, Robinson v. Hamblin*, 914 P.2d 152, 155 (Wyo.1996)."

*Lee v. State*, 2001 WY 129, ¶ 10, 36 P.3d 1133, 1138 (Wyo.2001) (*quoting Trusky v. State*, 7 P.3d 5, 13 (Wyo.2000)). In imposing sentence, trial courts have broad discretion to consider a wide range of factors about the defendant and the crime. *Halbleib v. State*, 7 P.3d 45, 47 (Wyo.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000) (*quoting Jones v. State*, 771 P.2d 368, 371 (Wyo.1989)); *Mehring*, 860 P.2d at 1115.

## DISCUSSION

### W.R.Cr.P. 32(a)(3)(C)

[¶ 8] The appellant's complaints are related, but distinct. First, he faults the district court for considering controverted material contained in the PSI. Second, he contends that the district court should not have considered victim impact testimony from someone who was not the victim of the crime to which he pled guilty. Assessment of these claims must begin with a review of relevant statutes and court rules.

[¶ 9] Wyo. Stat. Ann. § 7–13–407(a)(ii) (LexisNexis 2003) directs state probation and parole agents to investigate cases referred by any court and to report to the court in writ-

---

1. There is no dispute that the victim of the admit- ted crime was the appellant's step-daughter.

ing. W.R.Cr.P. 32(a) implements this directive in regard to PSI's. At issue in the instant case is W.R.Cr.P. 32(a)(3)(C), which establishes the procedure that is to be followed when a defendant contests matters contained in the PSI:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make:
>
> > (i) A finding as to the allegation; or
> >
> > (ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.

[¶ 10] As indicated above, the district court explicitly relied upon the contested charges that were dismissed as part of the plea agreement. The appellant's primary grievance is that the district court did so without making the findings required by W.R.Cr.P. 32(a)(3)(C)(i). The appellant contends that this case is distinguishable from *Blankinship v. State*, 974 P.2d 377, 380 (Wyo.1999) (district court did not rely on the contested information); *Bloomquist v. State*, 914 P.2d 812, 823 (Wyo.1996) (disputed matters either not factual or not crucial to sentencing); *Mehring*, 860 P.2d at 1117–18 (district court either did not rely on the contested matters or resolved them against the defendant on the record); and *Christy v. State*, 731 P.2d 1204, 1207 (Wyo.1987) (defendant did not deny or object to the PSI information). *See also Van Riper v. State*, 999 P.2d 646, 648–49 (Wyo.2000) (due process not violated where district court considered defendant's corrections and noted them in writing on the PSI).

[¶ 11] The basis of the appellant's argument is not that the district court took into account crimes other than the one to which he pled guilty. Indeed, he concedes that we have previously recognized that W.R.Cr.P. 32(a) authorizes the admission at sentencing of criminal history and character evidence. *Mehring*, 860 P.2d at 1116. The appellant's argument is, instead, that by considering "other crime" evidence without making the findings required by W.R.Cr.P. 32(a)(3)(C), the district court has violated his due process right to be sentenced only on accurate information. *See Swingholm v. State*, 910 P.2d 1334, 1339 (Wyo.1996); *Mehring*, 860 P.2d at 1117; and *Clouse v. State*, 776 P.2d 1011, 1015 (Wyo.1989).

[¶ 12] The State counters the appellant's arguments by citing to several cases where, despite a technical violation of W.R.Cr.P. 32(a)(3)(C), this Court affirmed the conviction and sentence because no prejudice had been shown or because the appellant had not proved that the sentencing judge in fact rested the sentence on false or improper premises. *See Blankinship*, 974 P.2d at 379; *Wayt v. State*, 912 P.2d 1106, 1109 (Wyo.1996); *Johnson v. State*, 790 P.2d 231, 232 (Wyo. 1990); and *Smallwood v. State*, 771 P.2d 798, 802 (Wyo.1989). In addition, the State contends that the district court complied with W.R.Cr.P. 32(a)(3)(C) by making the finding that it did not believe the appellant's denials.

[¶ 13] Before we can determine whether the district court abused its discretion, we must evaluate how W.R.Cr.P. 32(a)(3)(C) is supposed to work. In particular, we need to know what obligation or burden a defendant carries and, in turn, what is to guide the exercise of the court's discretion. The cases relied upon by the parties and cited previously herein reflect Wyoming's developing jurisprudence in that regard.

[¶ 14] In *Christy*, 731 P.2d at 1207–08, we determined that the trial court may consider "filed reports and information" at sentencing, so long as the defendant is given the opportunity "to deny, dispute, or disprove." Two years later, in *Smallwood*, 771 P.2d at 802, we described this as "an opportunity to rebut pre-sentence information which is materially false or which furnishes invalid premises for the sentence which the judge is imposing." In *Clouse*, 776 P.2d at 1015, we made clear that it is the defendant's obligation to object to any sentencing information he contends is inaccurate. And in *Johnson*, 790 P.2d at 236 (*quoting Christy*, 731 P.2d at 1208), we stat-

ed that objecting is not alone sufficient and we reiterated that a defendant must challenge the accuracy of the information and has the duty to "deny, dispute, or disprove" it.

[¶ 15] Although these cases all declare that it is the defendant's burden to contest what he considers inaccurate information in the PSI, none of the cases directly addresses the issue of the specific burden of proof or, for that matter, the appropriate procedure for "disproving" such information. In *Smallwood*, 771 P.2d at 802 n. 2, we noted some "interesting articles" concerning this problem, but we made no attempt to resolve it. In the instant case, neither party has suggested an appropriate resolution.

[¶ 16] How contested PSI information issues are handled in the trial court will affect their disposition on appeal. We have identified the appellant's burden in this Court as follows:

> Having demonstrated procedural error, however, Wayt remains obliged to show prejudice under "circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Johnson v. State*, 790 P.2d 231, 232 (Wyo.1990) (quoted with approval in *Mehring v. State*, 860 P.2d 1101, 1115 (Wyo.1993)). Further, it is his burden to "establish that the sentencing judge in fact rested the sentence on false or improper premises." *Smallwood v. State*, 771 P.2d 798, 802 (Wyo.1989). *Johnson* and *Smallwood*, although decided prior to adoption of the current Wyoming Rules of Criminal Procedure, apply to review of due process challenges brought under the current W.R.Cr.P. 32. *Mehring*, 860 P.2d at 1115.

*Wayt*, 912 P.2d at 1109. *See also Van Riper*, 999 P.2d at 649. It goes without saying that there must be some evidentiary basis for the district court's findings under W.R.Cr.P. 32(a)(3)(C)(i). Logically, that evidence must be developed in the district court, before the findings are made. How that is to be accomplished is beyond the scope of this opinion inasmuch as it has not been addressed by the parties.[2]

---

**2.** *See* 3 Charles Alan Wright, *Federal Practice and Procedure: Criminal 2d* §§ 522, 524, and 526 (1982 and 2003 Supp.) for cases discussing allocation of the burden of proof, methods of evidentiary development, and the adequacy of the trial court's findings.

[¶ 17] Once a defendant has alleged a factual inaccuracy in the PSI, the district court must either make a finding as to the contested matter or make a determination that no finding is necessary because the matter will not be considered for sentencing. In the instant case, the district court clearly did not follow the latter route because he specifically relied upon the dismissed charges in sentencing the appellant. Consequently, before relying on that information, the district court was obligated to make a finding based on sufficient evidence that the information was reliable, to develop a written record supporting that finding, and to append that record to the PSI. None of that was done in this case.

[¶ 18] This is not a case where the district court either disregarded the contested matters or simply failed to append the findings to the PSI. In this case, the district court relied upon the contested matter in sentencing without making a record or a finding as to the reliability of the information. Further, the contested matter, being the charges dismissed in the plea agreement, was particularly relevant to sentencing. Neither the fact that the charges were bound over for trial after a probable cause hearing nor the fact that the district court did not believe the appellant is a sufficient finding that the appellant committed the contested offenses. This is particularly so because the plea agreement was reached before any trial testimony was heard. Simply put, there was no evidentiary basis for the district court's determination, meaning such was an abuse of discretion.

### VICTIM IMPACT STATEMENTS

[¶ 19] Wyo. Stat. Ann. § 7–21–103 provides:

> (a) Prior to imposition of sentence or any correction or reduction of sentence in a felony case, an identifiable victim of the crime may submit a victim impact statement to the court:

(i) By appearing, with or without counsel, to present an oral victim impact statement at the sentencing hearing or at any subsequent hearing for correction or reduction of sentence; or

(ii) By submitting a written victim impact statement to the department of corrections, which shall be appended to the presentence report of the defendant, or by submitting a written statement to the court in the case of any subsequent hearing for correction or reduction of sentence.

(b) Any victim impact statement submitted to the court pursuant to this section shall be among the factors considered by the court in determining the sentence to be imposed upon the defendant or in determining whether there should be a correction or reduction of sentence.

(c) Any failure to comply with the terms of this chapter shall not create a cause for appeal or reduction of sentence for the defendant, or a civil cause of action against any person by the defendant.

[¶ 20] The purpose of this statute is "to permit the sentencing court to consider information about the harm caused by the defendant during the commission of the particular crime for which sentence is about to be imposed." *Mehring*, 860 P.2d at 1116. The particular status accorded by the statute is restricted only to the victim of the charged crime. *Id.*

[¶ 21] Appended to the PSI in the instant case was a document entitled "Victim Witness Statement," which consisted of two letters—one from the appellant's stepdaughter and one from the appellant's daughter. At issue is the daughter's letter, which read as follows:

Thank you for giving me a chance to let you and the court know how I feel about what has happened in my life. Delvin really messed up my life by his actions. He had no right to touch me, I'm his daughter, [C.S.] was his step-child, this is sick. The things that he did to my mom was also hard for us kids to have to see, he use [sic] to slap my mom and hit mom if he didn't have his bad drugs or mom didn't do something just his way. We all helped

mom so he won't yell and hurt us. I was scared because he said he'd hurt mom if I told anyone. I just got real depressed and felt like a failier [sic]. So I just got bad grades started to hate school. Then droped [sic] out went to work full-time for a while then headed to Job Corps hoping to start over there. It also failed there so now I am attempting to get my "Ged". Hopefully I can be the most successfull [sic] I have ever been, because I really want to start over this year. I really don't wish to see Delvin ever again he trashed my successful life. I just want to be happy again so think real hard about this matter I just don't want any other girls life to be like mine.

Not only is this letter appended to the PSI as the testimony of a victim, presumably pursuant to Wyo. Stat. Ann. § 7-21-103(a)(ii), but the district court quoted directly from it just before imposing sentence. We cannot help but conclude that inclusion of a statutory victim impact statement from someone who, statutorily, was not a victim, was error under the circumstances of this case. Furthermore, the error was prejudicial because it contributed directly to the sentence imposed. This case is distinguishable from *Mehring*, 860 P.2d at 1117, where we found no due process violation in a similar situation. Mehring failed on appeal "to show a manifest injustice from the inclusion of the statements and [failed] to demonstrate that the trial court relied upon the statements in sentencing . . . ." *Id.* The finding in *Mehring* of no due process violation does not negate its specific holding that Wyo. Stat. Ann § 7-21-103 creates a "special status" for the victim of the charged crime. *Mehring*, 860 P.2d at 1116.

[¶ 22] During the past few decades, our legislature has paid considerable attention to crime victims. *See, for example,* the Victim Restitution Act, Wyo. Stat. Ann. §§ 7-9-101—7-9-115 (LexisNexis 2003); the Crime Victims Compensation Act, Wyo. Stat. Ann. §§ 1-40-101—1-40-119 (LexisNexis 2003); the Victims Bill of Rights Act, Wyo. Stat. Ann. §§ 1-40-201—1-40-210 (LexisNexis 2003); the Victims of Delinquent Acts Act, Wyo. Stat. Ann. §§ 14-6-501—14-6-509

(LexisNexis 2003); and the Division of Victim Services Act, Wyo. Stat. Ann. §§ 9–1–636–9–1–638 (LexisNexis 2003). No doubt, the Victim Impact Statements Act, Wyo. Stat. Ann. §§ 7–21–101—7–21–103, which is the subject of this opinion, is a part of this statutory scheme, and, no doubt, the general intent of the legislation is to protect the rights of crime victims. Nevertheless, we cannot ignore our standard rules of statutory construction in appraising Wyo. Stat. Ann. § 7–21–103. As we recognized in *Mehring*, 860 P.2d at 1116, the statute creates a special status for "impact statements" rendered by victims of the particular charged crime or crimes involved. If we judicially extend the reach of that statute to allow admission of impact statements from the victims of any crime that the defendant may have committed, we will violate one of our cardinal principles of statutory construction—*expressio unius est exclusio alterius:* " '[w]here a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned....' " *Felix v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 986 P.2d 161, 164 (Wyo.1999) (*quoting City of Cheyenne v. Huitt,* 844 P.2d 1102, 1104 (Wyo.1993)). *See also Wyrulec Co. v. Schutt,* 866 P.2d 756, 759–60 (Wyo.

1993); *Huitt,* 844 P.2d at 1104; and *Billis v. State,* 800 P.2d 401, 461 (Wyo.1990) (*quoting In re West Highway Sanitary and Imp. Dist.,* 77 Wyo. 384, 317 P.2d 495, 504 (1957)) (Urbigkit, C.J., dissenting). The legislature has clearly limited the admissibility of victim impact statements, as such are defined in the statute, to the victims of the particular crime or crimes for which the defendant is being sentenced.

## CONCLUSION

[¶ 23] At sentencing, the district court may consider uncharged crimes and other evidence from the PSI so long as the defendant is allowed the opportunity to deny, dispute, or disprove such evidence and so long as the district court complies with W.R.Cr.P. 32(a)(3)(C). Further, victim impact testimony at sentencing is limited to those victims intended by statute.

[¶ 24] Reversed and remanded for re-sentencing.